26 C.C.P.A. (Patents)

## TRADERS OIL MILL CO. v. LEVER BROS. CO.

### Patent Appeals No. 4080.

Court of Customs and Patent Appeals.
Feb. 6, 1939.

Clarence A. O'Brien, of Washington, D. C. (Clarence R. Gorman, Joseph A. O'Connell, and C. Ludwell Hyde, all of Washington, D. C, of counsel), for appellant.

Spencer A. Studwell and Harry A. English, both of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding. Appellant on July 24, 1935, filed in the United States Patent Office its application for the registration of its mark consisting of the notation "COFLO," surrounded by a border, for partially defatted cooked cottonseed flour. Use of the mark was alleged since March 9, 1935.

Appellee filed notice of opposition to said application, alleging ownership of the trade-mark "Covo," applied to vegetable shortening in which cottonseed or cottonseed derivatives are used; that said mark had been used by it for vegetable shortening since June 9, 1932; that said mark was registered by it for vegetable shortening on November 1, 1932; that the goods to which its mark is applied are of the same descriptive properties as the goods to which appellant applies its mark "COFLO," and that the said marks are confusingly similar. The usual allegation of damage to appellee was made.

Appellant in its answer denied that the goods to which the respective marks are applied are of the same descriptive properties, and denied that the marks as used by the parties are confusingly similar.

Both parties took testimony. The testimony shows that appellee used its mark "Covo" long prior to the use by appellant of its mark; that appellant's product is sold "to people that are interested in making baked foods, and that includes baker, the cakes and cooky plants, biscuit manufacturers," etc.; that appellant's product is not a shortening, but is to be used with flour, and its use increases the amount of shortening necessary; that appellant's products are sold in containers usually consisting of hundred pound drums, but has also been sold in fifty and twenty pound containers; that appellee's product is sold in containers ranging in capacity from fifty to four hundred pounds.

The Examiner of Interferences dismissed appellee's notice of opposition, holding that purchasers of both products are of a discriminating class and, considering the difference in the goods and the difference in the marks, confusion would not be likely if the marks are honestly used in trade.

Upon appeal the commissioner reversed this decision, holding that the goods to which the respective marks are applied are of the same descriptive properties; that while the two marks differ in appearance, they sound very much alike; that there must be a large class of purchasers even of the fifty and one hundred pound packages of the goods of the parties who would not be discriminating and who were not necessarily educated English speaking people. He expressed the opinion that confusion would be inevitable in the use of the respective marks.

From said decision of the commissioner this appeal was taken.

That the goods to which the marks of the respective parties are applied are goods of the same descriptive properties, we have no doubt. Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F.2d 116, 17 C.C.P.A., Patents, 1034.

We are also in agreement with the commissioner that the goods of the parties, even though sold in comparatively large containers, are not necessarily purchased by careful, discriminating buyers. They are products of continuing use and are not, as a rule, subject to visual inspection by the purchaser.

It is true that the goods are not identical, but they are used conjointly by the same people in the preparation of products sold to the ultimate consumer. It is also true that the marks of the parties differ in appearance by reason of the central

"F" in appellant's mark extending above and below the other letters of the mark. If the matter were to be determined from the appearance of the marks alone we would be inclined to agree with the Examiner of Interferences that, considering the difference in goods and the difference in marks, confusion would not be likely to arise out of the concurrent use of the two marks. But appearance is only one of the factors to be considered in passing upon the similarity of marks. That similarity in sound alone is sufficient to constitute confusing similarity between marks is well established. E–Z Mills, Inc. v. Martin Brothers Company, 95 F.2d 269, 25 C.C.P.A., Patents, 992.

In these days of radio advertising the sound of trade-marks has become very important. Marion Lambert, Inc. v. O'Connor, 86 F.2d 980, 24 C.C.P.A., Patents, 781.

That the terms "Covo" and "COFLO" are very similar in sound is apparent, and we think users of the products of the parties are very likely to become confused by the similarity of their sound.

After giving due consideration to the differences in the marks of the parties and the differences in the goods to which the respective marks are applied, we are of the opinion that their concurrent use is likely to cause confusion or mistake in the mind of the public.

We think it proper to observe that we are impressed from the evidence that appellant acted in good faith in the adoption of its mark and had no knowledge of the mark of appellee.

For the reasons stated herein, the decision of the commissioner is affirmed.

Affirmed.