33 C.C.P.A. (Patents)

## RICE–STIX DRY GOODS CO. v. INDUSTRIAL UNDERGARMENT CORPORATION.

### Patent Appeal No. 5071.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

Joseph J. Gravely and Carr & Carr & Gravely, all of St. Louis, Mo., for appellant.

A. W. Murray, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, rendered by the First Assistant, 61 USPQ 452, which affirmed the action of the Examiner of Trade-Mark Interferences sustaining an opposition to the registration of the mark "Stardom" as applied to piece goods consisting of cotton percale on the ground that under Section 5 of the Act of 1905, 15 U.S.C.A. § 85, the mark is confusingly similar to the previously registered trade-mark "Stardust" as applied to readymade rayon slips for women.

Both sides took testimony and it appears from the record that the controversy between the parties was presented for consideration or reconsideration in four different proceedings in the Patent Office. Most of the points here raised were there raised and a great deal of importance has been attached to previous decisions of this and other courts relative to the registration of marks other than the ones here involved.

While the cited authorities may be worthy of consideration as to the rules of law to be here applied, nevertheless the case at bar, like every other controversy involving the registration of a mark, must rest distinctively on its own merits.

Appellant contends that the goods of the parties are of different descriptive properties, that their marks are distinctively different, and that the cumulative effect of both differences entitles appellant to the registration of its mark even though either difference alone might not be sufficient.

The law applicable to the question presented is Section 5(b) of the Act of February 20, 1905, U.S.C., Title 15, Section 85(b), 15 U.S.C.A. § 85(b), which so far as pertinent, provides—

"That trade-marks * * * which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered."

In sound, meaning, and appearance, the respective marks when compared are not so clearly distinguishable as to be free from the likelihood of confusion.

It is true that appellee's mark is graphically illustrated and both marks are printed in a different design and style of type. It is well known, however, that the public frequently remembers and purchases a vendor's merchandise under a unitary literal symbol without regard to the pictorial and other subordinate matter associated with a label or trade-mark.

Therefore in the case at bar the goods of the parties, as pointed out by the Examiner of Interferences, would be ordinarily identified and remembered by the respective notations "Stardom" and "Stardust", which in our opinion are confusingly similar when applied to goods of the same descriptive properties.

The principal argument which appellant presents, however, is that piece goods and manufactured goods used in women's apparel are not merchandise of the same descriptive properties within the meaning of the statute.

Merchandise of the same descriptive properties within the meaning of the statute is legally defined to include not only articles of merchandise which possess identical characteristics but also such other articles of merchandise as possess different characteristics but which have attached thereto a vendor's mark identical with or so nearly resembling a registered or known trade-mark owned and in use by another vendor as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers as to the origin of the goods. See Skol Company, Inc. v. Olson, 151 F.2d 200, and authorities there cited.

Appellant's merchandise consists of printed cotton percale which is sold by the yard for use at home in making such articles as women's dresses, shirts, draperies and other household furnishings. The goods are sold to the same class of customers and in the same kind of store, possibly over the same counter, as the merchandise of appellee.

Appellant contends that printed cotton percale is inappropriate for women's wearing apparel consisting of slips. It is disclosed in the record, however, that appellee has made slips of brocade which is similar in floral design to the merchandise of appellant. It is noted in the record also that the vogue in fabrics for women's wearing apparel is changeable and that if a

multicolor fabric became popular for use in making women's slips, appellee would at that time put it in its line again.

Moreover, it is true, as pointed out in the decision of the Assistant Commissioner of Patents, that a housewife may be reasonably expected to assume that the material she purchases for a wash dress has the same origin as her readymade slip, if both such articles bear the same or confusingly similar trade-marks.

From the facts presented here it is clear that the goods of the parties are of the same descriptive properties and that the effect of the similarity in the respective marks and merchandise considered either separately or cumulatively is such as to bring appellant's application for registration within the prohibition of the statute.

In view of the conclusion reached, it is not necessary to discuss other points raised in appellant's reasons of appeal and the decision of the Commissioner of Patents is accordingly affirmed.

Affirmed.