36 C.C.P.A. (Patents)

## BORDO PRODUCTS CO. v. B. A. RAILTON CO.

Patent Appeal No. 5563.

United States Court of Customs and Patent Appeals.

April 12, 1949.

Semmes, Keegin, Robinson & Semmes, of Washington, D. C. (Harry H. Semmes and Lee M. Robinson, both of Washington, D. C., of counsel), for appellant.

A. Arnold Brand, of Chicago, Ill., for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

O'CONNELL, Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents, 73 U.S.P.Q. 417, reversing the decision of the Examiner of Interferences dismissing appellee's notice of opposition to the registration of the term "Bordo" as a trade-mark for use on canned citrus products for food purposes, namely, grapefruit segments and broken segments, grapefruit and orange juices, blended juices and marmalade, jellies and packaged dates.

Appellee's opposition was based upon the alleged ownership of its trade-mark "Barco" which has been registered numerous times and in various forms for use in connection with the sale, in general, of the

kind of groceries listed by appellant in its application for registration.

The earliest registration of the mark upon which appellee relies was issued April 16, 1918, upon an application filed March 14, 1916. That mark was applied to "prepared mustard, India relish, salad dressing, chili sauce, cane and maple syrup," and, as described by the Examiner of Interferences, the registration discloses:

" * * * a mark consisting of the letters 'BAR' within concentric circles having a bar or line bisecting the whole and having very small letters 'c' and 'o' inscribed between the legs of the 'A'. * * *"

The mark "Bordo" was adopted by appellant either because some of the products which the firm sold came from the city of Bordeaux, France, or because that city was the former residence of a person associated with appellant. "Barco" is derived from the initials of the name B. A. Railton plus the abbreviation Co. When thus combined, appellee's mark is pronounced "Barco."

The volume of sales in dollars for the products sold under appellee's trade-mark "Barco" since 1916 amounted to more than $100,000,000 and the amount expended for advertising the goods sold under that mark was more than $100,000. The volume of sales in dollars for the products sold under the trade-mark "Bordo" had substantially increased since 1924 and likewise increased sums of money were spent by appellant in advertising its trade-mark and the goods sold thereunder.

Appellee's notice of opposition was filed pursuant to section 6 of the Trade-Mark Act of February 20, 1905, 33 Stat. 726, as amended, and involves the confusion in trade clause of section 5 of that act, 33 Stat. 725, as amended.

The principal questions at issue are whether "Bordo" and "Barco" are confusingly similar; whether appellant has proved a date of first use prior to the use of any of appellee's trade-marks; and whether the conduct of appellee was such as to constitute an equitable defense in behalf of appellant in view of sections 19 and 47 of the Trade-Mark Act of 1946, 15 U.S.C.A. §§ 1069, 1051 note.

There are certain specific differences in the goods upon which the marks of the respective parties are used. Nevertheless, there can be no dispute that the goods are clearly of the same descriptive properties. Therefore, the primary question to be determined is whether the involved marks when considered as a whole so nearly resemble one another in sound, meaning, and appearance as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers as to the origin of the goods when the two marks are concurrently used in the sale of the goods by the respective parties. Rice-Stix Dry Goods Company v. Industrial Undergarment Corporation, 152 F.2d 1011, 33 C.C.P.A., Patents, 813.

The two marks here involved consist of two five-letter words wherein the first, third, and fifth letters of each word are the same, and both marks consist of words of two syllables which are pronounced with the accent on the first syllable of each word. The two marks differ from each other in significance and somewhat in appearance from the mark of appellee's original registration but the two expressions "Bordo" and "Barco" when pronounced are, beyond any reasonable doubt, confusingly similar.

Similarity of sound is of itself sufficient to constitute confusing similarity of marks under the law when the marks are applied to merchandise of the same descriptive properties. See Marion Lambert, Inc., v. O'Connor, 86 F.2d 980, 24 C.C.P.A., Patents, 781; Traders Oil Mill Company v. Lever Brothers Company, 100 F.2d 249, 26 C.C.P.A., Patents, 899; Skol Company, Inc., v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents, 715.

Appellant concedes priority of use of appellee's trade-mark "Barco" as originally used by appellee in medallion form and renewed in registration No. 121,208. Appellant contends, however, that "Bordo" is not confusingly similar to appellant's mark in the medallion form. The examiner in sustaining appellant's contention in that respect pointed out that the letters "c" and "o" in the original registration of appellee's mark as printed "are very in-

significant and in fact are almost illegible," and that therefore such registration did not establish priority of use with respect to the notation "Barco" written out in substantially the same size letters, as in certain subsequent registrations such as registration No. 162,870.

The commissioner, however, in reversing the examiner correctly pointed out that in the drawings of appellee's application and in the specimens filed therewith those two letters are distinct. Moreover, the reproductions of the drawings in appellee's earliest application, as illustrated by appellee's Exhibits 12B, 12C, and 12D, show that the medallion or monogram insignia clearly spell out the word "Barco," and the corrobative testimony of at least three of appellee's employees shows that appellee's original registration No. 121,208 and its subsequent registrations were received at all times by the trade and spoken of as "Barco."

The record discloses that appellant filed a petition for reconsideration by the commissioner in which petition it was alleged, among other things, that appellee's trademark could not have been pronounced "Barco" prior to appellant's date of first use of July 13, 1916, in view of the decision rendered subsequent to that date by the Examiner of Interferences in the case of California Packing Corp. v. B. A. Railton Co., Opposition No. 2423, decided October 13, 1917. The commissioner, however, adhered to his original decision, and denied appellant's petition with respect to making any change in the commissioner's original decision.

■ The denial of appellant's petition for reconsideration, as hereinbefore described, does not constitute grounds for reversal of the commissioner's decision. The law is well settled that the citation of cases involving other trade-marks has little value in an opposition proceeding for the reason that each case must rest upon its own distinctive facts. McKesson & Robbins, Inc., v. American Foundation, etc., 150 F.2d 420, 32 C.C.P.A., Patents, 1235; Magitex Company, Inc., v. John Hudson Moore, Inc., 154 F.2d 177, 33 C.C. P.A., Patents, 956.

■ The examiner and Commissioner of Patents found continuity of use of the trade-mark "Bordo" since July 13, 1916, the filing date of registration No. 119,722. That registration, however, was subsequently allowed to expire. In the application for such registration, it was alleged that appellant's trade-mark had been used in its business since March 9, 1916. Without passing upon the question of whether the expiration and nonrenewal of the registration of July 13, 1916, eliminates it as corroborative proof of continuing use since the date of its filing, it is clear, in view of the record, that the alleged continuous use of appellant's mark from March 9, 1916 had not been established.

In view of that conclusion, and in view of the further fact that appellant has conceded prior use of appellee's original trademark in its medallion form, it is deemed unnecessary from what has been hereinbefore stated to further discuss the question as to which of the parties was first to use its involved mark.

■■ Appellant's contention that since appellee "acquiesced" in the use by appellant of the trade-mark "Bordo" for a number of years, the equitable factors thereby involved should be given full weight in appellant's favor in accordance with the provisions of the Trade-Mark Act of 1946. Appellant in its answer to the notice of opposition did not allege that appellee's action was barred by the equitable principles of laches, estoppel, or acquiescence, and the court is not convinced, in view of the record, that any such principles are applicable to the subject matter of this appeal or that any other relief in behalf of appellant is specifically provided for under the Trade-Mark Act of 1946. See Willson v. Graphol Products Co., Inc., 165 F.2d 446, 35 C.C.P.A., Patents, 857.

For the reasons hereinbefore stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.