**LEKAS & DRIVAS, Inc.**

v.

**TENTH AVENUE TRADING CORP.**

**Patent Appeal No. 6132.**

United States Court of Customs and Patent Appeals.

June 15, 1955.

Theodore W. Miller, Chicago, for appellant.

Bader & Bader, New York City (I. Walton Bader, George J. Chryssikos, New York City, and Albert M. Zalkind, Washington, D. C., of counsel), for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON, Judges.

COLE, Judge.

Appellee herein filed an application on September 1, 1950 to register on the Principal Register of the United States Patent Office its composite trade-mark comprising the word notation "Cosmocratic," a small fanciful monogram, "CTAT," and an olive branch design. The mark, allegedly in use since February of 1950, was for olive oil and was applied to the cans in which such product is sold. The application was exam-ined and the mark published in the Official Gazette of the Patent Office on January 1, 1952. Several weeks thereafter, on January 23, 1952, appellant herein filed its notice of opposition to registration of appellee's mark. The opposition was predicated on appellant's prior adoption, ownership, and continuous usage since 1916 of the trade-mark "Aristocratic," also for olive oil. The notice alleged that appellee's mark so resembled "Aristocratic" as to be likely, when applied to the identical goods of the parties, to cause confusion, mistake, or deception of purchasers as to the source of origin of such goods. Appellee admitted appellant's prior use of "Aristocratic" but entered a general denial of other allegations pleaded in the notice of opposition. Neither party took testimony.

The Examiner of Interferences of the Patent Office, on the basis of the pleadings before him, found that confusion in trade would likely result if the marks were concurrently registered. This decision was reversed by the Assistant Commissioner of Patents, acting for the Commissioner, who held that the marks did not look or sound much alike, except for the suffix "cratic;" and further "that the word 'Aristocratic' has such a familiar and well-known meaning to the ordinary, unsuspecting, unwary and inattentive purchaser that he will readily distinguish it from 'Cosmocratic' which probably will have little or no meaning to him." Lekas & Drivas, Inc., v. Tenth Avenue Trading Corp., 100 USPQ 58.

In its appeal here, appellant urges recognition of similarities in sound, appearance, and meaning between "Cosmocratic" and "Aristocratic." It emphasizes that the marks are applied to identical goods, and that "Aristocratic" is a well-known trade-mark, in use some 34 years prior to appellee's adoption of "Cosmocratic," and that doubts on the likelihood of confusion should be resolved against the newcomer.

It is clear that the dominant part of appellee's composite mark is the word notation "Cosmocratic." The monogram and design are of such secondary signifi-

cance as to be almost wholly disregarded in determining the likelihood of confusion between the involved marks.

Each mark contains the suffix "cratic" or "ocratic." While appellant obviously cannot appropriate these suffixes to its exclusive trade-mark use, a prefix sought to be used in combination therewith by a subsequent trade-mark applicant must be sufficiently distinctive and employed in such association as will obviate the likelihood of confusion as to the origin of the goods marketed under the respective marks. See Eureka Williams Corporation v. Willoughby Machine and Tool Company, 194 F.2d 543, 39 C.C.P.A., Patents, 832, and Eureka Williams Corp. v. McCorquodale, 205 F.2d 155, 40 C.C.P.A., Patents, 1028. That some similarity is bound to exist between trademarks employing common suffixes is clear. Confusion is likely between trademarks, however, only if their over-all presentations in any of the particulars of sound, appearance, or meaning are such as would lead the purchasing public into believing that the products to which the marks are applied emanated from the same source. In testing this issue, fixed legal rules exist—if not in harmony, certainly in abundance—but, in the final analysis, the application of these rules in any given situation necessarily reflects a matter of individual judgment largely predicated on opinion. There is, however, and can be no disagreement with the rule that the purchaser is confused, if at all, by the marks as a whole.

Taking into consideration that the marks here in question, "Aristocratic" and "Cosmocratic," are each ap-plied to olive oil, that this commodity is a relatively inexpensive food item, and a matter of frequent purchase, we are nevertheless of the opinion that the buyer possessing ordinary intelligence and exercising ordinary care in relation to the purchase of such goods would have no difficulty in distinguishing between the contested marks. While the difference in sound and appearance is quite apparent, when the marks are viewed in their entireties, it might be said that each mark seeks to convey the same general thought to the public, i. e., that among discriminating individuals the olive oil sold under the respective marks is the best that can be bought anywhere. We do not think it necessarily follows, however, if this meaning be attributable to the intent of the parties here, that the ordinary purchaser will arrive at a similar conclusion. "Aristocratic" is a word with clear meaning to most everybody. On the contrary, "Cosmocratic" is a notation without a readily grasped connotation. In any event, we do not feel that these marks are such as to confuse or deceive the ordinary purchaser into parting with his money on belief that there is no difference in the source from whence springs "Aristocratic" and "Cosmocratic" olive oil.

For the reasons hereinbefore stated, the decision of the Assistant Commissioner of Patents, acting for the Commissioner, is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.