**CECILE GAGNON CO., Appellant,**

v.

**BOURJOIS, Inc., Appellee.**

**Patent Appeal No. 6145.**

United States Court of Customs and Patent Appeals.

June 15, 1955.

Gould & Wilkie, New York City (R. L. von Bernuth, New York City, of counsel), for appellant.

Alexander, Maltitz, Derenberg & Daniels, New York City (Joe E. Daniels and Walter J. Derenberg, New York City, of counsel), for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE and JACKSON (retired), Associate Judges.

O'CONNELL, Acting Chief Judge.

■ This is an appeal from the decision of the Assistant Commissioner of Patents, Honorable Daphne Leeds, acting for the Commissioner by delegation of authority and affirming the decision of the Examiner of Interferences sustaining appellee's opposition to appellant's application for the registration of the term "Dear-To-Me" for use, among other things, in the sale of perfume and cologne, admittedly identical in kind with certain merchandise alleged by the opposer-appellee to be sold under its mark "Endearing," 100 U.S.P.Q. 64.

Appellant further admitted in its answer to the Notice of Opposition that appellee's trade-mark "Endearing" was issued to the opposer February 11, 1947, more than a year prior to any use by appellant of its mark contested here, "Dear-To-Me." The latter was published in the Official Gazette of December 25, 1951, as a result of an application filed by appellant February 28, 1951.

Appellee in its Notice of Opposition alleged use of its mark "Endearing" in interstate commerce on various toilet articles, including perfume and cologne, since March 1946, and that it has spent large sums of money and considerable effort in promoting the sales prestige of its merchandise and mark.

The controlling issue presented before the tribunals of the Patent Office involved the question of the likelihood of confusion in trade in the event that the competing marks were concurrently used by the respective parties on related or identical goods. The Examiner of Interferences in sustaining appellee's opposition stated:

"As to the involved marks themselves, namely 'Dear to Me' and 'Endearing' it is believed that they have in common not only the word 'dear', as the applicant asserts, which comprises the dominating part of both marks, and thus renders the marks quite similar in sound, but said marks considered as a whole are practically synonymous in meaning, and it is well settled that similarity in meaning alone between marks is sufficient to give rise to a likelihood of confusion or deception of purchasers, when, as here, they are applied to similar goods. Bourjois, Inc., v. Parfumes Schiaparelli, Inc., 72 U.S.P.Q. 32; Esso Standard Oil Co. v. Sun Oil Co., 89 U.S.P.Q. 333; Younghusband, etc., v. Societe D'Etudes et D'Expansion de La Parfumerie de Luxe, 83 U.S.P.Q. 190; The American Steel and Wire Co. of N. J. v. Hancock, 91 U.S.P.Q. 350."

The Assistant Commissioner of Patents in affirming the conclusion reached by the Examiner of Interferences, and in approving certain reasoning and the authorities set forth in his decision hereinbefore described, held:

"The marks do not look alike. They have a considerable similarity in sound. Most importantly, however, as the Examiner said, they are 'practically synonymous in meaning, and it is well settled that similarity in meaning alone between marks is sufficient to give rise to a likelihood of confusion or deception of purchasers, when, as here, they are applied to similar goods.' "

We find ourselves in agreement with the conclusion reached by the concurring decisions of the respective tribunals of the Commissioner of Patents. Accordingly, we deem it unnecessary to present and discuss various other points and authorities cited by the parties in support of their respective positions. Suffice it to say, that this court has recently held that marks substantially identical in meaning alone, but attached to identi-

cal goods, may result in the likelihood of confusion, despite the fact that such marks are wholly unlike both in sound and appearance. Hancock v. American Steel & Wire Co. of New Jersey, etc., 203 F.2d 737, 740, 40 C.C.P.A., Patents, 931. There in a unanimous decision, among other things, we held:

"* * * In determining likelihood of confusion between marks on identical goods, it is proper to consider their appearance, sound and meaning. Firestone Tire & Rubber Co. v. Montgomery Ward & Co., 150 F.2d 439, 32 C.C.P.A., Patents, 1074. Clearly the involved marks 'Tornado' and 'Cyclone' do not look or sound alike. But a combination of all three factors need not necessarily exist, and an opposition to registration may be sustained if the marks are identical or so similar in meaning that confusion as to origin is deemed likely. See Norris, Inc., v. Charms Co., 111 F.2d 479, 27 C.C.P.A., Patents, 1174."

Appellant relying on the case of Hillyard Chemical Co. v. Vestal Laboratories, Inc., 206 F.2d 926, 41 C.C.P.A., Patents, 701, contends, however, (1) that "The Assistant Commissioner erroneously considered that similarity in meaning between the marks alone was sufficient to give rise to the likelihood of confusion or deception;" that other factors than meaning must be considered in an appropriate case" and (2) that "All circumstances under which the respective merchandise is marketed and sold should be considered in determining the likelihood of confusion and deception." We shall discuss those contentions seriatim.

■ (1) The law of this jurisdiction regarding the determination of the question of the confusing similarity of competitive marks in a proceeding like this has provided that the marks must be considered in their entireties. And with respect to sound, meaning, and appearance, substantial identity between the marks in any one or more of such attributes is, in of itself, fatal to the registration of his mark by an applicant.

Hancock v. American Steel, etc., supra; Coty, Inc., v. Perfumes Habana, S.A., 190 F.2d 91, 38 C.C.P.A., Patents, 1180; Skol Co., Inc., v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents, 715; Cluett, Peabody & Co., Inc., v. Wright, 46 F.2d 711, 18 C.C.P.A., Patents, 937; Traders Oil Mill Co. v. Lever Brothers Co., 100 F.2d 249, 26 C.C.P.A., Patents, 899; Mason, Au & Magenheimer Co. v. Hawley & Hoops, 86 U.S.P.Q. 272; Ex parte J. H. Clarke & Co., 95 U.S.P.Q. 226.

■ (2) Where, however, the facts presented by the record, if pleaded and proven, create an estoppel against the owner of a trade-mark due, say, to laches on his part, and wherein the question of public interest is nowise involved, the issue of confusion resulting from the use of similar or identical marks on related goods is not a factor that requires consideration. Lightnin Chemical Co. v. Royal Home Products, Inc., 197 F.2d 668, 39 C.C.P.A., Patents, 1031; Lantz Brothers Baking Co. v. Grandma Cake Co., etc., 161 F.2d 739, 34 C.C.P.A., Patents, 1073.

■ We also believe that appellant's contention is well taken to the effect that the circumstances under which the respective merchandise is marketed and sold should be considered in determining the likelihood of confusion. Appellee in its Notice of Opposition set forth, among other things, this material allegation in support of its position:

"* * * In view of the confusing similarity between the marks of the parties, any fault or defect found with applicant's perfume or cologne, offered for sale under applicant's alleged trade-mark Dear to Me, would have the tendency to reflect upon and to injure the reputation which opposer enjoys, and ever since long prior to applicant's adoption of the alleged trade-mark Dear to Me has enjoyed, for its perfume, cologne and other toilet preparations sold under its trade-mark Endearing."

The circumstances under which appellant's merchandise is marketed and sold

734

were thus developed, so far as pertinent, by counsel for the respective parties:

Direct Examination by Mr. von Bernuth:

"Q. Mrs. Voigts, are you and your husband partners carrying on the business of the Cecile Gagnon Company? A. Yes, we are.

"Q. Where do you carry on the business? A. We carry on the business at 15 Lake Street, White Plains.

"Q. New York State? A. New York State.

"Q. What is the business of Cecile Gagnon Company? A. The business is the selling of the perfumes and cologne under the name 'Dear to Me.'

"Q. 'Dear to Me' is the trademark that you use? A. The trademark that we are using, yes."

Cross Examination by Mr. Maltitz:

"Q. Mrs. Voigts, do you do your own manufacturing of perfume and cologne? A. We do not, no. We bottle it and package it.

"Q. You buy the perfume and the cologne somewhere else, you mean? A. That's right.

"Q. And you also buy the bottles and the cartons and the other packaging material somewhere else? A. That's right.

"Q. Then you do the bottling and the packing in your home in Yonkers; is that correct? A. In White Plains.

"Q. White Plains? A. That's right.

"Q. Do you do it right in your own home? A. We have a large cellar in our home. It is done in the cellar of our home."

A family is not to be disparaged in its effort to launch an enterprise in the basement of its home. Some of our industries also did their pioneering under humble circumstances. It would seem, however, that customers in the purchase of cosmetics, such as perfume, cologne, and toilet preparations, might well require further reassurances were they to learn that such merchandise was bottled and packaged in the basement of someone's home. Hence we believe that in the excerpt hereinbefore quoted, the opposer has sustained the described allegation of his opposition. Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972, 974.

The decision of the Commissioner of the Patent Office, for the reasons stated, is hereby affirmed.

Affirmed.

JOHNSON and WORLEY, Judges, dissent.

JACKSON, Judge, retired, recalled to participate herein in place of GARRETT, Chief Judge.