Henry Epstein, J.
Plaintiff sues for trade-mark infringement and unfair competition. Since 1930 Dell Publishing Company, Inc., or its subsidiary (absorbed by Dell in 1932) has published a monthly magazine with a special leaning in its contents to confessions and romances. All the witnesses agree that in popular magazine publishing “ romances ” and “ confessions ” are synonymous. Plaintiff’s copyright certificate dates from February, 1931. It is conceded that plaintiff’s publication is one of the three leaders in the field and its circulation runs to 1,000,000 copies per month. “ Modern Romances ” is the leader of Dell’s “ Modern Group ” and its circulation rose from 14,295,900 in 1934 to 28,597,871 in 1958. Sales of plaintiff’s magazines and pocketbooks take place in chain stores, supermarkets, newsstands and railroad stations, etc., throughout the United States. Advertising revenue from this magazine rose from $758,000 in 1947 to $828,000 in 1958. Radio and T. Y. programs and spot announcements promote its sales in some 165 cities in the Nation. In the year 1954 alone the advertising of “ Modern Romances ” cost at least $70,000. *438 Since 1937 advertising this one magazine has cost $1,140,000. None of these facts and figures is disputed by defendant.
There is no doubt that Dell is a well-know publishing name. Yet the court cannot from the samples in evidence or the testimony give credence to defendant’s claim that purchasers seek out the magazine with the name ‘ ‘ Dell ’ ’, rather than the actual magazine name “ Modern Romances ”. Nor does the fact that no trade-mark registration has been sought in New York State protect defendant if in fact there is unfair competition. (Dell Pub. Co. v. Ultem Pub., 171 Misc. 159.)
Defendant seeks refuge in the number of other publications carrying words of like meaning. Macfadden Publications markets ‘ ‘ True Love ”, “ True Romances ’ ’ as its group of “ True ” magazines. Fawcett Publications markets “ True Confessions”; Hillman Publications markets “Real Romances” and ‘ ‘ Real Story ’ ’; Sterling Publications markets ‘ ‘ Real Confessions ”. There are others which use “ Modern ” in conjunction with subject matter, as “Modern Bride”, “Modern Baby”, “Modern Man”, etc. Searching for a title which would enhance its sales, defendant, finding “ Real Confessions ” and “ True Confessions ” already taken, decided to alternate its own “ Real Secrets ” with “ Modern Confessions ”, utilizing the same distribution media as Dell does for its “ Modern Romances ”. Defendant concedes that the content substance of its “Modern Confessions” is aimed at the same reading public with like character of stories as is plaintiff’s “ Modern Romances ”. The executive editor of defendant’s “ Modern Confessions ” admits identity of content material with plaintiff’s “Modern Romances”; admits full knowledge of the success of plaintiff’s “ Modern Romances ” when the defendant chose “ Modern Confessions ” as its title. Defendant pleads its minor status in circulation as indication of its inability to hurt plaintiff in its own field. But time and further pressure in sales may well alter that picture. Since defendant did not commence publication of “ Modern Confessions ” until April, 1958 and on a bimonthly basis only some 6 copies have been marketed, with negligible profit, no accounting is considered warranted in equity. Because of the similarity in make-up, in style and in cover, an injunction against the use of the word “ Modern ” in conjunction with “ Confessions ” is granted.
Notice to defendant was given promptly by plaintiff when its planned publication came to plaintiff’s notice. The demand to “ cease and desist from the use of the word 1 Modern ’ in connection with your publication ” was disregarded. Defendant *439 cannot at this initial stage he seriously hurt (if at all) by dropping the word “ Modern ” from its title. Since plaintiff limits its complaint to the single word ‘ ‘ Modern ’ ’, the relief will be so limited. It is the future menace to plaintiff the prevention of which is warranted, as in cases of trade-mark confusion or purchaser deception. (Admiral Corp. v. Penco, Inc., 203 F. 2d 517, 520; Gannert v. Rupert, 127 F. 962; Cecile Gagnon Co. v. Bourjois, Inc., 223 F. 2d 731, 733.) Plaintiff Dell has established over a period of many years a reputation for its “ Modern Group ” magazines. The use of “ Modern” by defendant as an alternative name for its “ Real Secrets ” may well mislead purchasers to believe it presently associated with the Dell “ Modern Group ”. This confusion plaintiff seeks to avoid and this court believes it to be entitled to protection on its own and on its readers’ behalf. (Philadelphia Stor. Battery Co. v. Mindlin, 163 Misc. 52, 56; Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; Martha Washington Candies Co. v. Martha Washington Ice Cream Co., 280 App. Div. 256, appeal dismissed 304 N. Y. 974; Santa’s Workshop v. Sterling, 282 App. Div. 328, 329-330, 2 A D 2d 262, affd. 3 N Y 2d 757.) Defendant must discontinue the use of the word “ Modern ” in the title of its magazine “ Modern Confessions ” and forthwith cease the use of said word for its present or any other like magazine to be published by it. Judgment as indicated, with costs. No accounting for damages. Findings of fact and conclusions of law having been waived, the foregoing constitutes the decision in this case.
Submit judgment accordingly.