Louis L. Friedman, J.
Plaintiff brings this action for an injunction restraining defendant from displaying advertising signs and other medium of display which allegedly tend to mislead the public into patronizing defendant’s place of business instead of that operated by the plaintiff. The complaint, in addition to asking for injunctive relief, also prays for damages allegedly sustained by the plaintiff.
Plaintiff now moves for a temporary injunction restraining defendant from maintaining the said signs and other displays *60 which plaintiff contends mislead the public and interfere with plaintiff’s normal business activities.
The parties occupy stores adjacent to one another on Coney Island Avenue near Eighteenth Avenue in the Borough of Brooklyn, City of New York. Plaintiff alleges and has submitted proof to the effect that it advertises extensively, expending large sums of money therefor and informing the public through newspaper as well as other advertisements that plaintiff sells at retail many various types of merchandise. A copy of one of the advertisements showing about a third of a page in one of the newspapers published on May 21,1959, is made a part of the motion papers, and the public is informed that discounts of up to 70% may be secured by patronizing plaintiff’s place of business. The advertisement publicizes items such as television, swimming pools, luggage, phonographs, refrigerators, washing machines, air conditioners, clothes driers, window fans, summer furniture, barbecue equipment and many other items. It is apparent that the public, informed through these advertisements of the fact that they may save up to 70% off of the list price of these many assorted types of merchandise, will be. attracted to plaintiff’s place of business. When plaintiff moved into its present premises in March of 1955, defendant was then in the business of manufacturing automobile seat covers. A large sign over its place of business so indicates. In his affidavit in opposition, defendant concedes that fact and further concedes that it was some time in 1957, when after noticing that plaintiff had for several years before that time been dealing in garden furniture, he, the defendant, decided ‘ ‘ to take in a line of garden furniture.” According to defendant’s claim, plaintiff then attempted to divert automobile seat cover customers from defendant’s place of business by placing a misleading sign on a truck which was parked in front of the premises. In addition, defendant claims the plaintiff’s officer did other things to entice defendant’s customers away from defendant’s place of business. It was because of this fact, defendant claims, that he then decided to place several signs marked ‘ ‘ main entrance ’ ’ in front of his premises in order ‘ ‘ that there cannot possibly be any misconstruction or misleading inference to the public. ’ ’
An examination of the photographs attached to plaintiff’s moving papers indicates that defendant’s main industry seems to be the manufacture and installation of auto seat covers, while plaintiff’s business is that of selling the merchándise items previously referred to at bargain prices. It is obvious from the photographs before the court that not only did defendant install the signs reading 11 main entrance ’ ’ and in fact installed three *61 of them although there appears to be but one actual entrance to the premises, with a small door alongside of the big door, both of them actually leading to the same place, but that in addition defendant has hung from the top of his building in a prominent manner several items of garden furniture such as are advertised by defendant. The front of defendant’s store shows prominently displayed directly at the entrance thereto and in front of the store, many other items of merchandise, such as are prominently set forth in the newspaper advertisement of the plaintiff. In addition, the physical location of both places of business becomes important. Defendant’s place of business is closer to the corner of Eighteenth Avenue than is plaintiff’s. The court takes judicial notice of the fact that buses running along Eighteenth Avenue and along Coney Island Avenue, discharge their passengers at the corner where the two streets meet, since that corner is a regular bus stop for all buses ,going in both directions on both streets. Those intending to patronize plaintiff’s place of business, must of necessity pass by defendant’s store before getting to plaintiff’s store. "Walking along the sidewalk as they do, the signs “ main entrance ” and the display of garden furniture and other items of merchandise in front of defendant’s place of business very readily mislead the public so that while intending to go to plaintiff’s place of business they actually wind up in the store operated by the defendant. Affidavits which are part of plaintiff’s moving papers indicate that customers have been so misled and that, not only has the business of the plaintiff suffered by reason thereof, but irreparable harm has been caused to plaintiff’s reputation as a reliable place where merchandise may be bought at bargain prices.
It was apparent upon the argument of this motion, that defendant’s attorney very promptly and frankly conceded to the court that his client’s display of the signs “main entrance” was improper and should be enjoined. When plaintiff’s attorney stated that another sign bearing the word “ bargain ” was displayed over the weekend, defendant’s attorney agreed that this sign too should be removed. In his opposing affidavit, defendant however, contends that this should be the limit of the injunction which this court should grant, and sets forth a claim that plaintiff’s attorney had agreed over the telephone with defendant’s attorney, that an injunction decree with respect to these two types of signs should be entered, ‘ ‘ and that thereupon the action for damages herein will be discontinued by the plaintiff, without costs, and that no further injunctive relief will be sought herein.” Plaintiff’s attorney, however, denied that any *62 such agreement had been reached, contending that his client was entitled to an injunction as against any unfair selling and advertising practices. But plaintiff’s attorney did agree that if all such unfair advertising methods were discontinued by defendant, that plaintiff would not insist upon its claim for money damages.
There may not be both a discontinuance of the action and an order of injunction. If the action is discontinued, there is no action in which the injunction order may be entered, and it is apparent that plaintiff never intended to actually discontinue this action except perhaps, insofar as the claim for money damages is concerned.
The court is satisfied that the actions of the defendant and his method of advertising was part of a planned scheme whereby plaintiff’s business customers would be diverted to defendant’s store, whereby plaintiff would be injured in both its business and its reputation.
Those who engage in free enterprise are entitled to every protection from the courts against fraud and deception and unfair practices. "While the court may not restrict defendant in the type of merchandise which defendant desires to sell, it can and will restrain conduct and action which are calculated to deceive and which are deliberately planned to injure a competitor. There is nothing before the court which indicates that plaintiff’s investment of many thousands of dollars for the purpose of advertising its products, should not inure to the benefit of the plaintiff rather than to the defendant. Displaying a sign reading “ main entrance ” when there is but one real entrance to defendant’s place of business was evidently a plan designed to mislead the public. "When the motion papers in this case were served, and defendant, after consulting with his own attorney, removed the signs reading ‘1 main entrance, ’ ’ he attempted to display another misleading sign containing the word “ bargain,” evidently for the purpose of indicating to the public that his .place was in fact the “ bargain Barn.” It is evident that only by a full and complete injunction will plaintiff’s rights be protected.
Plaintiff is entitled to be protected from any future menace, as occurs in cases of trade-mark confusion or purchaser deception (Admiral Corp. v. Penco, Inc., 203 F. 2d 517, 520; Gannert v. Rupert, 127 F. 962; Cecile Gagnon Co. v. Bourjois, Inc., 223 F. 2d 731, 733). A restraining order will prevent confusion and will give plaintiff the protection to which it is entitled (Philadelphia Stor. Battery Co. v. Mindlin, 163 Misc. 52, 56; Tiffany & Co. v. Tiffany Productions, 147 Misc. 679, affd. 237 App. Div. *63 801, affd. 262 N. Y. 482; Martha Washington Candies Co. v. Martha Washington Ice Cream Co., 280 App. Div. 256, appeal dismissed 304 N. Y. 974; Santa’s Workshop v. Sterling, 282 App. Div. 328, 329-330; 2 A D 2d 262, affd. 3 N Y 2d 757).
Accordingly, the motion of the plaintiff is in all respects granted, and defendant will be restrained in the order to be entered herein from in any way displaying signs such as “ main entrance,” “Bargain,” “Barn” or from displaying in front of its premises merchandise similar to that offered and sold by the plaintiff or from in any other manner so conducting its business or its advertising in front of its place of business so that the public will be misled.