47 CCPA

MICHIGAN MUSHROOM COMPANY

v.

NASH-FINCH COMPANY.

Patent Appeal No. 6557.

United States Court of Customs
and Patent Appeals.

April 12, 1960.

Rehearing Denied June 29, 1960.

———◆———

Robert I. Dennison, Washington, D. C.,
Brezina and Buckingham, Chicago, Ill.

(John Charles Brezina, Chicago, of coun-
sel), for appellant.

Herbert M. Birch, Washington, D. C.,
for appellee.

Before WORLEY, Chief Judge, and
RICH, MARTIN, and SMITH, Judges.

MARTIN, Judge.

This appeal is from the decision of the
Assistant Commissioner of Patents dis-
missing an opposition to the registration
of a composite mark bearing the words
"Dewy-Fresh" for use on fresh vegeta-
bles, by the registrant and prior user of
"Dawn Fresh."

Appellee's mark is a composite having
as its background a leaf shaped pattern
upon which, in large letters at the center
thereof, are the words "Dewy-Fresh"
and, at the lower left and extending, in
part, off the leaf a little elf-like figure.
Use in commerce of that mark since
February 10, 1955, has been alleged.
Opposer, appellant here, is the owner of
several registrations [1] for use on a line
of canned and fresh frozen fruits and
vegetables, various canned mushroom
products, fresh mushrooms and fresh as-
paragus.

The stipulated facts show that both the
gross sales and the advertising expendi-
tures in connection with the sale of prod-
ucts under the "Dawn Fresh" mark have
been considerable during the years 1945–
1956, 1956 being the year in which the
verified notice of opposition to the regis-
tration of "Dewy-Fresh" was filed. In
addition the stipulation indicates that at
the time it was entered into "Dawn
Fresh" was used on fresh asparagus and
fresh mushrooms sold in packages weigh-
ing one pound or less. Also the mark
was used on canned mushrooms, mush-
room products, and canned asparagus.

Since the goods of the parties are the
same, the class of purchasers alike, and
appellant is the prior user, the sole ques-
tion remaining for our determination is
whether the composite "Dewy-Fresh"

---

1. Reg. No. 319,998 issued December 18,
1934, renewed December 18, 1954; Reg.
No. 382,228 issued October 22, 1940;
Reg. No. 531,720 issued October 10, 1950;
Reg. No. 610,007, filed June 21, 1954,
issued August 2, 1955.

mark when applied to the goods of appellee would be likely to cause confusion or mistake or deception of purchasers.

The Assistant Commissioner, with whom the appellee agrees, found that the differences in sound, appearance and general impressions created by the marks were sufficient to avoid any likelihood of confusion. The appellee additionally contends that both of the word marks are suggestive of the qualities of the goods to which they are applied and consequently are not entitled to very broad protection.

It is the appellant's position that the word marks dominate and that the issue of likelihood of confusion should be decided on the basis of a comparison of those words. It also maintains that the marks sound alike, look alike and stimulate the same mental associations. It is contended that the purchasers of the respective parties' goods are not discriminating and that this is a factor which must be considered in resolving the issue of likelihood of confusion. Finally, appellant reminds us that if a doubt arises as to whether the marks are likely to cause confusion, that doubt must be resolved against appellee, the newcomer.

"Dewy-Fresh" and "Dawn Fresh" have the same general appearance, both having in common the word "Fresh," the number of letters in each word, and the first and third letters of the first word. Considered in their entireties they sound quite similar. Their meanings stimulate the same mental associations, i. e., as fresh as the dawn with dew on the grass.

 Appellee contends, *inter alia,* that confusion as to source is unlikely because of the background configuration and picture included in its mark. We do not believe that this factor is determinative of the issues in this instance. See W. B. Roddenbery Co. v. Kalich, 158 F.2d 289, 34 CCPA 745; Rice-Stix Dry Goods Company v. Industrial Undergarment Corporation, 152 F.2d 1011, 33 CCPA 813; Lekas & Drivas, Inc. v. Tenth Avenue Trading Corp., 223 F.2d 294, 42 CCPA 1010.

The remaining question to be resolved in this case is whether appellant is entitled to prevail in spite of the fact that its mark is suggestive of the quality of its goods. Suggestiveness as to quality is apparent, and yet, the mark has some fanciful characteristics. "Dawn Fresh" is neither suggestive nor descriptive of the goods themselves.

We believe whatever trademark significance the mark possesses in identifying the source of appellant's goods could be jeopardized by the use of appellee's mark because of their similarity. Sufficient doubt is raised in our minds as to the likelihood of confusion to cause us to decide in favor of appellant.

For those reasons the decision of the Assistant Commissioner is reversed.

Reversed.