50 CCPA

**SUNWAY FRUIT PRODUCTS, INC.,**
Appellant,

v.

**PRODUCTOS CASEROS, S.A., Appellee.**
Patent Appeal No. 7001.

United States Court of Customs
and Patent Appeals.
June 20, 1963.

———◆———

Woodson, Pattishall & Garner, Lewis S. Garner, Helen W. Nies, Chicago, Ill., for appellant.

Harry W. F. Glemser, Bacon & Thomas, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

 Productos Caseros seeks to register "FRESK"[1] for a flavored and colored preparation in the form of powder, capsules or tablets for use as an ingredient in making food beverages, ice pops, water ices, sherbets, and ice creams. Sunway Fruit Products, Inc. opposes on prior use and registration of its mark "FRESHIE" on a non-alcoholic, maltless flavored concentrate used in mixing alcoholic and non-alcoholic drinks.[2]

Sunway took testimony and offered various documentary exhibits. Caseros took no testimony.

In dismissing the opposition, the Trademark Trial and Appeal Board[3] stated:

"Opposer is clearly the prior user; and the goods of the parties are in part identical in kind and otherwise comprise products which if they were to be sold under the same or similar marks, purchaser confusion as to source would be likely. 'FRESK', however, is readily distinguishable in both sound and appearance from 'FRESHIE' and it is manifestly not the phonetic equivalent of 'fresca', the Spanish equivalent of 'fresh'.

"It is therefore concluded that 'FRESK' does not so resemble 'FRESHIE' as to be likely to cause confusion, mistake or deception of purchasers."

In urging reversal appellant argues that

(1) Soft drink preparations are casual purchases made without care by an undiscriminating public. These marketing conditions add to the likelihood of confusion unless trademarks are clearly

---

1. Application Serial No. 69,388, filed March 3, 1959.

2. Registration No. 582,763, issued November 24, 1953.

3. 133 USPQ 699 (1962).

distinguishable. G. D. Searle & Company v. Chas. Pfizer & Company, 231 F. 2d 316 (7th Cir. 1956); Chicago Dietetic Supply House, Inc. v. Perkins Products Company, 280 F.2d 155, 47 C.C.P.A. 1103, 1105 (C.C.P.A.1960).

(2) FRESK is similar to FRESHIE in appearance, sound and meaning and is confusingly similar when applied to the goods of the parties. Marks et al. v. Polaroid Corporation, 129 F.Supp. 243 (D.C.D.Mass.1955). In Re W. E. Kautenberg Company, 122 U.S.P.Q. 220 (T.T.A.B.1959). Watkins Products, Inc. v. Sunway Fruit Products, Inc., 7th Cir., 311 F.2d 496. Nestle Company, Inc. v. Caracushansky, 135 U.S.P.Q. 226 (T.T.A.B.1962).

(3) FRESHIE and FRESK are particularly similar in meaning because a large part of the American public speaks or is familiar enough with the Spanish language that to them FRESK will suggest the same general connotation as FRESHIE. Cecile Gagnon Company v. Bourjois, Inc., 223 F.2d 731, 42 C.C.P.A. (Patents) 972 (C.C.P.A.1955). Campana Corporation v. Lissar Compania Incorporada, 54 U.S.P.Q. 420 (Comm.Pat. 1942). International Minerals & Chemical Corporation v. N. V. Internationale Crediet-En-Handels-Vereeniging "Rotterdam", 121 U.S.P.Q. 276 (T.T.A.B. 1959).

As is generally true in trademark contests, prior decisions are of little value primarily because of differences in facts. We find none of the cases relied on by appellant sufficiently in point to control here.

While the similarities of the marks are obvious and require no extended discussion, we share the view of the board that the marks are "readily distinguishable in both sound and appearance." Under such circumstances we see no likelihood of confusion within the meaning of section 2(d) of the Lanham Act, and are unable to agree that the board erred in dismissing the opposition. The decision is accordingly affirmed.

Affirmed.