23 C.C.P.A.(Patents)

### SKRAM CO. v. BAYER CO., Inc.*

#### Patent Appeal No. 3616.

Court of Customs and Patent Appeals.
April 6, 1936.

Clarence A. O'Brien, of Washington, D. C. (Charles E. A. Smith, Thomas E. Turpin, and George C. Bladt, all of Washington, D. C., of counsel), for appellant.

Edward S. Rogers, of Chicago, Ill., James F. Hoge, of New York City, William T. Woodson, of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C. (James H. Rogers, of Chicago, Ill., and Browne & Phelps, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The Skram Company here appeals from a decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences who dismissed an opposition by the Bayer Company to appellant's application for registration of the word "SKRAM" printed in the form of a cross (that is both horizontally and verti-

cally) with the middle letter "R" common to both lines; the cross being within a circle having a black background with a narrow circle of white around the outer edge. The application was filed April 10, 1933, and alleges continuous use of the mark since January 15, 1932, "for a preparation for treatment of human foot troubles such as athletes foot, and tired, aching, swollen or itching feet."

The notice of opposition alleges continuous use "for many years and long prior to January 15, 1932," by the Bayer Company and its predecessors of a mark comprising the word "Bayer" arranged in the form of a cross "both with and without a circle and with black and white and colored backgrounds, as trade-marks for chemical and pharmaceutical preparations," and pleads ownership of five registrations ranging in date from May 30, 1922, to June 21, 1927.

One of the registrations so pleaded comprises simply the word "Bayer" printed in cross form, without any circle; a second has the word in cross form upon a black background surrounded by alternating narrow white and black circles; and the other three show the word in cross form upon a white background surrounded by a narrow black circle.

Taking opposer's cited registrations as a whole, they cover a large number of chemical, pharmaceutical, and medicinal preparations, none of which, however, is identical with the preparation described by the applicant.

It is obvious that there is no similarity between the words "Skram" and "Bayer" standing alone, except perhaps that each contains five letters; but opposer contends that the placing of appellant's word in cruciform arrangement, within a circle, creates a mark which, taken as a whole, so resembles the mark of opposer as that, when applied to goods of the same descriptive properties, which is alleged to be true of the goods of the respective parties here, it would be likely to cause confusion or mistake in the mind of the public and to deceive purchasers, especially as to origin, and that opposer would be damaged by the registration sought.

The contention thus made was sustained by the commissioner upon the ground, as we interpret his decision, that, in view of certain similarities in the physical appearance of the marks of the contesting par-

*Opinion modified on rehearing, see — F.(2d) —.

**616**

ties, he did not "consider the question of probable confusion to be free from doubt."

Our view of the matter coincides with that of the Examiner of Interferences rather than with that of the commissioner.

While the goods of the respective parties belong to the same broad class, and in that respect may be said to be of the same descriptive properties, they are not identical. When this fact is considered in connection with what seems to us to be the striking difference in the marks themselves, we are unable to discern any sound reason why the opposition should be sustained.

It is true that there is a physical resemblance between the marks when visualized with the eye only, and, as said in the decision of the commissioner, they might impress the *"casual observer* as being the same." (Italics ours.) One of the witnesses for opposer, who was its general sales manager, in answer to an inquiry as to why he believed the registration of appellant's mark would be injurious to opposer, said: "For the reason that the words crossed as they are in a circle might indicate to the casual observer that this product was the product of the Bayer Company."

We do not find in the statute (Trade-Mark Act 1905, § 5, as amended [15 U.S. C.A. § 85]) any reference to "the casual observer." The statute refers to confusion or mistake "in the mind of the public" and to the deception of "purchasers."

It is probable that an observer looking casually at packages bearing the respective marks, located side by side upon the shelf of a dealer in such merchandise, and noting only the cruciform arrangement of the words in a circle, without observing the difference in the words themselves, would be impressed with a resemblance in the appearance of the marks; but it is well-nigh inconceivable that any purchaser, or any member of the public, able to read who gave even ordinary attention to the marks, would be led to the belief that the goods are of common origin. The words which constitute the central, if not the dominant, feature of the mark do not resemble each other in sound or meaning, and their particular arrangement is nothing new in trade-mark practice.

The decision of the Commissioner of Patents is reversed.

Reversed.