23 C.C.P.A. (Patents)

SKRAM CO. v. BAYER CO., Inc.

Patent Appeal No. 3616.

Court of Customs and Patent Appeals.
June 17, 1936.

Clarence A. O'Brien, of Washington, D. C. (Charles E. A. Smith, Thomas E. Turpin, and George C. Bladt, all of Washington, D. C., of counsel), for appellant.

Edward S. Rogers, of Chicago, Ill., James F. Hoge, of New York City, William T. Woodson, of ·Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C. (James H. Rogers, of Chicago, Ill., and Browne & Phelps, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Following our decision in the above-styled case rendered April 6, 1936, 82 F. (2d) 615, 23 C.C.P.A.(Patents) ——, and within the time fixed by our rules, a petition for rehearing ·was filed on behalf of appellee. Appellant has filed opposition thereto.

The petition first states, in substance, that the only issue of the case is whether the marks are confusingly similar, and alleges that our decision reversing the decision of the Commissioner of Patents denying the registration sought by appellant, whether so intended or not, will inevitably be construed to overrule or disapprove a long line of decisions by this and other courts.

Two points are then set forth, the first of which comprises a list of marks which this and other courts have held to be deceptively similar, it being claimed that, in most instances, the resemblance between such competing marks is less than the resemblance between the "Bayer" and "Skram" marks (the respective arrangements of which are described in our original opinion) here involved.

The second point challenges the soundness of our comments with respect to the "casual observer," and, as we understand it, it is this part of the opinion which ap-

pellant particularly alleges will inevitably be construed to overrule a long line of decisions of this and other courts. As will be seen from the former opinion, we said:

"It is true that there is a physical resemblance between the marks when visualized with the eye only, and, as said in the decision of the commissioner, they might impress the *casual observer* as being the same.' (Italics ours.) One of the witnesses for opposer, who was its general sales manager, in answer to an inquiry as to why he believed the registration of appellant's mark would be injurious to opposer, said:

"'For the reason that the words crossed as they are in a circle might indicate to the casual observer that this product was the product of the Bayer Company.'

"We do not find in the statute (Trade-Mark Act 1905, § 5, as amended [15 U.S.C.A. § 85]) any reference to 'the casual observer.' The statute refers to confusion or mistake 'in the mind of the public' and to the deception of 'purchasers.'

"It is probable that an observer looking casually at packages bearing the respective marks, located side by side upon the shelf of a dealer in such merchandise, and noting only the cruciform arrangement of the words in a circle, without observing the difference in the words themselves, would be impressed with a resemblance in the appearance of the marks; but it is well-nigh inconceivable that any purchaser, or any member of the public, able to read who gave even ordinary attention to the marks, would be led to the belief that the goods are of common origin."

The petition for rehearing says: "The testimony in this case quoted by the Court is to the effect that the marks in issue might be confused by the casual observer. In holding that no confusion was likely, the Court remarked that the statute does not refer to 'the casual observer.' The statute does not need to be so specific. It contemplates confusion or mistake in the mind of the public, which includes the casual observer as well as the careful purchaser."

It is then urged that in limiting the likelihood of confusion by the test of "any purchaser, or any member of the public, able to read, who gave even ordinary at-

tention," the court took too narrow a view; that the law of trade-marks is but a part of the broader law of unfair competition, and that "The trade-mark statute was not intended to be less liberal than the common law, certainly not to abrogate it." Numerous authorities are cited in support of this point, which point we construe the petition to allege was, in the language of our rule VII, "overlooked or misapprehended by the court."

The court recognizes the fact that that part of our opinion above quoted, taken as a whole, is subject to an interpretation or construction which might place it in conflict with many prior decisions upon the question of law involved. While it is true that the statute itself, as is stated in the former opinion, "makes no reference to the casual observer," it is also true that in many decisions of this and other courts confusion, or probability of confusion, of the casual observer has been recognized as an important element to be considered in construing and applying the statute. In view of this, and in order that there may be no misunderstanding of the court's decision, it is deemed proper that the portion of our opinion above quoted be, and the same is, withdrawn.[1] Nothing therein stated shall be regarded as constituting a reason for the conclusion reached, nor will it be taken as a precedent in the consideration of future cases.

To the conclusion itself, however, we adhere upon the ground that the marks of the respective parties are not confusingly similar. Upon this issue, the Examiner of Interferences said:

"In applicant's as well as in opposer's marks there is but a single spoken symbol available to purchasers for use in distinguishing the products of the parties from each other or from those of other traders. This, obviously, is 'Skram,' in the case of applicant's mark, and 'Bayer' in the case of opposer's marks. These features are deemed to be the dominating features of the marks and, in the opinion of the examiner, neither look alike, sound alike nor have the same significance.

"The goods, although they may possess the same descriptive properties, are nevertheless specifically different. The dif-

---

[1] The opinion having been published in a number of publications prior to the time when consideration could be given to the petition for rehearing, it was not found practicable physically to delete the sub-ject matter. See 82 F.(2d) 615, 29 U.S. P.Q. 142, 26 T.M.R. 290. Hence this opinion in the nature of a supplemental statement.

ferences in the marks and these properties are cumulative. It is believed that confusion would not be likely to result from the concurrent use of these marks."

We concur in the foregoing, and, since the petition for rehearing presents nothing relative to confusing similarity which was overlooked or misapprehended during our consideration of the case that affects our conclusion, there is no occasion for a rehearing, and the petition therefor is denied.