42 C.C.P.A.(Patents)

**KITCHEN–QUIP, INC., Appellant,**

v.

**SUNBEAM CORP., Appellee.**

**No. 6026.**

United States Court of Customs
and Patent Appeals.

March 30, 1955.

Rehearing Denied May 25, 1955.

O'Connell and Worley, JJ., dissented.

Townsend F. Beaman, Jackson, Mich. (Robert J. Patch, New York City, and Lewis B. Lefkowitz, Dallas, Tex., of counsel), for appellant.

McCana & Morsbach, Rockford, Ill., and Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill. (Walther K. Wyss, Chicago, Ill., John F. McCanna, Rockford, Ill., and George R. Clark, Chicago, Ill., of counsel), for appellee.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Associate Judges.

JOHNSON, Judge.

On May 27, 1954, we sent to counsel for the parties here involved a decision affirming the decision of the Examiner-in-Chief, acting for the Commissioner of Patents, Judges Johnson and Cole dissenting, sustaining the decision of the Examiner of Trade-Mark Interferences denying registration of appellant's mark in a trade-mark opposition proceeding.

In accordance with our practice, the decision was withheld from formal publication pending the exercise of appellant's right to file any petition permissible under the rules of the court.

In due course, a petition for rehearing was filed by appellant. Appellee filed objections thereto. Rehearing was ordered and the case was reargued.

We have re-examined the record and have reconsidered the case in the light of the original and supplemental papers and have concluded that we erred in affirming the decision of the Examiner-in-Chief, acting for the Commissioner of Patents.

Consequently, the conclusion stated in our original decision of May 27, 1954, is withdrawn and this decision is submitted for it.

The application of appellant, Kitchen-Quip, Inc., is for the registration on the

principal register of the mark "Salad-master" for use on "hand operated food shredders and slicers having several interchangeable rotatable cutting cones." The mark was first used by appellant in November 1946, and at the time of taking testimony had been continuously used for five years. At that time approximately 170,000 of the devices had been manufactured and approximately 160,000 had been sold in the United States, Canada, Mexico, and Hawaii by a direct, i. e., house-to-house, method.

Appellee, opposer, the Sunbeam Corporation, manufactures and sells household kitchen appliances, including a food chopper, food slicer and shredder which is an attachment for appellee's electrically driven kitchen appliance sold under the trade-mark "Mixmaster." Its mark "Mixmaster" has been in continuous use since September 1930 under registration issued August 20, 1935, for "food mixers, fruit juice extractors, mayonnaise makers, drink mixers, meat grinders and food choppers, food slicers and shredders, ice crushers, potato peelers, can openers, mechanically operated colanders, coffee grinders, pea shellers, and attachments for operating ice cream freezers." Appellee contends that the marks here involved are so similar that their concurrent use would be likely to cause confusion or mistake or to deceive purchasers; and that "hand operated food shredders and slicers having several inter-changeable rotatable cutting cones" are goods of the same descriptive properties and identical with appellee's food chopper, food slicer and shredder attachment to its kitchen appliance upon which opposer's mark is used.

Appellant denies the similarity of the marks, and also denies that the articles possess the same descriptive properties inasmuch as appellee's food chopper, food slicer and shredder apparatus is designed to be used solely in the form of an attachment to appellee's electrically driven device known as a "Mixmaster."

The tribunals of the Patent Office sustained the opposition under Section 2(d) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1052(d), which reads:

"[Sec. 2.] No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on account of its nature unless it *. * *.

\* \* \* \* \*

"(d) Consists of or comprises a mark which resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers. * * *"

We have given careful consideration to the arguments of counsel and to the briefs of the parties and are of the opinion that the concurrent use of the involved marks on the goods of the parties would not be likely to cause mistake or confusion or to deceive purchasers.

■■ Both parties have cited many authorities to sustain their arguments, but this court has repeatedly held that prior decisions are of little value in an opposition proceeding because each case must rest upon its own distinctive facts, and that likelihood of confusion from similar marks is largely a matter of opinion. This court has also repeatedly held that the likelihood of confusion of the purchasing public, as to origin of the goods it purchases because of the similarity of marks, is the test applied in opposition proceedings, and that the marks must be considered in their entireties. North Star Manufacturing Co. v. Wells Lamont Corporation, 193 F.2d 204, 39 C.C.P.A., Patents, 764, and cases therein cited.

■ Appellant's apparatus is operated by hand. Appellee's apparatus is operated by being attached to an electrically operated mixer. Appellant's product is sold by solicitors through house-to-house canvassing while appellee's product is sold through retail stores.

Both marks contain the word "Master." One has the prefix of the two syllable word "Salad" while the other has the one syllable word "Mix" as its prefix. The presence of the suffix "Master" in appellee's registered mark "Mixmaster" and in the words "Saladmaster," which appellant seeks to have registered, does not preclude registration of appellant's mark in view of the dissimilarity of the prefixes. Certainly "Saladmaster" and "Mixmaster" do not look alike and they do not sound alike. When viewed as a whole, we do not think the concurrent use of the marks on the goods of the parties is likely to cause confusion or mistake or to deceive purchasers.

For the reasons above stated, the decision appealed from is reversed.

Reversed.

JACKSON, J., sat for GARRETT, C. J.

O'CONNELL and WORLEY, JJ., dissent.