43 C.C.P.A.(Patents)

**GOLDRING, Inc., Appellant,**

v.

**TOWNCLIFFE, Inc., Appellee**
(two cases).

Patent Appeal Nos. 6200, 6201.

United States Court of Customs and
Patent Appeals.
June 20, 1956.

Henry L. Burkitt, New York City, for appellant.

Howard A. Rosenberg, New York City, (Wm. R. Liberman, New York City, of counsel), for appellee.

Before JOHNSON, Acting Chief Judge, and COLE and JACKSON, retired, Judges.

JOHNSON, Acting Chief Judge.

These are appeals from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 102 U.S.P.Q. 405, affirming the decision of the Examiner of Interferences which dismissed appellant's petitions to cancel appellee's marks "Towntree" and "Towncliffe."

Petitioner-appellant is the owner of the trademark "Townley," Registration No. 296,939, issued August 23, 1932, for ladies' coats, suits, dresses, and golf and sport suits, coats, sweaters, and dresses.

Respondent-appellee is the owner of the trademarks "Towntree," Registration No. 405,355, issued January 25, 1944, and "Towncliffe," Registration No. 404,944, issued February 28, 1943, for ladies' and misses' coats, suits, jackets, and skirts. These marks were republished in 1949 in accordance with section 12(c) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1062(c).

On June 25, 1949 and September 24, 1949, petitioner-appellant filed its petitions to cancel respondent-appellee's trade-marks "Towntree," and "Towncliffe," respectively. By agreement of counsel, these two petitions were consolidated into a single record, and will be considered in one opinion, as they were considered below.

Both parties took testimony, pertinent portions of which will be brought out in subsequent portions of this opinion. However, one fact which is evident from the testimony is that petitioner-appellant used its mark "Townley" prior to the time that respondent-appellee used its marks "Towntree" and "Towncliffe."

The Examiner of Interferences was of the opinion that the marks "Towntree" and "Towncliffe" would not be likely to cause confusion in the trade when applied to goods which are similar to the goods on which the mark "Townley" is used. However, the examiner, in making his decision, also relied to a great extent on what he considered to be laches on the part of petitioner-appellant in the bringing of the petitions for cancellation. In this respect he noted that since the petitioner delayed more than five years from the time that respondent's registrations were issued, and since respondent-appellee had built up valuable good will in connection with its marks during this period, laches was present which would estop petitioner-appellant from contending that it would be injured by the continued existence of respondent-appellee's registrations. Thus the examiner held that the differences of the respective marks "are controlling on the question of confusing similarity thereof, when considered in connection with respondent's defense of laches."

The Assistant Commissioner affirmed the decision of the Examiner of Interferences. It appears that the Assistant Commissioner's decision was primarily based on the opinion that the involved marks were not confusingly similar notwithstanding that the major part of the decision consisted of an analysis of the testimony submitted by the litigants. The Assistant Commissioner also stated, "Having found no facts which would entitle petitioner to prevail, the question of laches, which was not pleaded, requires no ruling."

It has been held that the question of laches need not be considered unless the marks are found to be confusingly similar. See Willson v. Graphol Products Co., Inc., 188 F.2d 498, 38 C.C.P.A., Patents, 1030, where it was found that the marks were confusingly similar and the question of laches was then considered, and Goldring, Inc., v. Town-Moor, Inc., 228 F.2d 254, 43 C.C.P.A., Patents, 740, where it was found that the marks were not confusingly similar and the question of laches was never reached. Accordingly, the first question for our determination is whether the marks "Towntree" and "Towncliffe" are confusingly similar to the mark "Townley" when all of the foregoing marks are used on the abovementioned items of women's clothing.

This court has held that to justify cancellation of a registration because of confusing similarity between trade-

marks, no actual confusion need be proved, it being only necessary to show that there is likelihood of confusion. Procter & Gamble Co. v. J. L. Prescott Co., 77 F. 2d 98, 22 C.C.P.A., Patents, 1173; Fred W. Amend Co. v. American Character Doll Co., 223 F.2d 277, 42 C.C.P.A., Patents, 983. Furthermore, the issue of confusing similarity must be determined on the basis of opinion after considering the marks and the goods on which they are applied. Auburn Rubber Corp. v. Hanover Rubber Co., 107 F.2d 588, 27 C.C. P.A., Patents, 743; Fred W. Amend Co. v. American Character Doll Co., supra. In the present case, we must of necessity rely on opinion as to likelihood of confusion since no evidence of actual confusion was introduced.

Since the marks "Townley," "Towntree," and "Towncliffe" are used on goods which are very similar, and, in fact, in some instances identical, the question in this case narrows itself down to whether the foregoing marks themselves are so similar so as to be likely to cause confusion in the trade.

■ Ordinarily each case must be determined on its own particular set of facts since prior decisions relative to the issue of confusing similarity of other marks are of little value. This rule has been consistently applied in opposition cases. Hat Corp. of America v. John B. Stetson Co., 223 F.2d 485, 42 C.C.P.A., Patents, 1001; North Star Manufacturing Co. v. Wells Lamont Corp., 193 F.2d 204, 39 C.C.P.A., Patents, 764; L. J. Mueller Furnace Co. v. United Conditioning Corp., 222 F.2d 755, 42 C.C.P.A., Patents, 932. This rule, in our opinion, is usually equally applicable to cancellation cases because, in each particular case, the question of whether the marks are confusingly similar must be determined on the basis of opinion. Auburn Rubber Corp. v. Hanover Rubber Co., supra, and cases cited therein.

In the present case, however, we have what we consider the exception to the above-cited general rule. In Goldring, Inc., v. Town-Moor, Inc., supra, there is a parallel to the present case which is indeed rare in trademark cases and therefore must be relied on by us. In that case we held that the trademark "Town-Moor" was not confusingly similar to the trademark "Townley," both of the marks being used on ladies' coats. We stated in that opinion [228 F.2d 255]:

> "The only similarity between the marks here under consideration resides in the word 'Town,' and it is apparent from the record that the word is commonly used as a part of trade-marks or trade-names for various kinds of merchandise, including clothing. Under such circumstances appellant can have no exclusive right to the use of word 'Town' *per se*.
>
> "While it is well-settled that, in determining the question of confusing similarity, the marks involved must be considered as a whole, it has been repeatedly held that marks will not ordinarily be considered confusingly similar if they resemble each other only by the inclusion of a word which is in the public domain." [Citation of cases omitted.]

■ The above-cited case, in our opinion, is an adequate precedent for the present case. However, it is deemed that a brief review of the rules which are commonly used in determining confusing similarity should be made. It is well-settled that the marks must be considered in their entireties, Apollo Shirt Co. v. Enro Shirt Co., Inc., 165 F.2d 469, 35 C.C.P.A., Patents, 849; Valpo Co. v. Solis, Entrialgo y Compania, 175 F.2d 457, 36 C.C.P.A., Patents, 1160, but different features may be analyzed to determine whether the marks are confusingly similar, Hoffmann-La Roche, Inc., v. Kawerk, etc., 148 F.2d 557, 32 C.C.P.A., Patents, 954, and similarities and dissimilarities should both be considered, Younghusband v. Kurlash Co., Inc., 94 F.2d 230, 25 C.C.P.A., Patents, 886. Furthermore, in determining likelihood of confusion between marks on identical goods, it is proper to consider their appearance, sound, and meaning. Hancock v. Ameri-

can Steel & Wire Co. of N. J., etc., 203 F. 2d 737, 40 C.C.P.A., Patents, 931; Firestone Tire & Rubber Co. v. Montgomery Ward & Co., Inc., 150 F.2d 439, 32 C.C. P.A., Patents, 1074.

In the present case, petitioner-appellant urges that the trademarks "Towncliffe" and "Towntree" are confusingly similar to its trademark "Townley." While there is a common inclusion in all of these marks of the word "Town," they differ from each other in that they have the suffixes "cliffe", "tree" and "ley," respectively. Applying the foregoing law to the present case, we are of the opinion that the dissimilarities of the marks by far outweigh the similarities and thus cause the terms in their entireties to be more different than alike. Furthermore, when the terms are considered in their entireties they do not look alike, sound alike, or have the same meaning.

Petitioner-appellant vehemently urges that the trademark "Townley" has acquired a secondary meaning with respect to its goods. Even assuming this to be the case, we have found that the marks involved in these appeals are not confusingly similar, and we do not consider this argument to be persausive in view of the dissimilarity of the marks.

Since we have determined that the marks "Towntree" and "Towncliffe" are not confusingly similar to "Townley," it is not necessary for us to consider the question of laches. Goldring, Inc., v. Town-Moor, Inc., supra.

For the foregoing reasons, we are of the opinion that the decision appealed from should be affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.

O'CONNELL, Judge, because of illness, did not participate in the hearing or decision of these cases.

WORLEY, Judge, was not present at the argument of this case but, by agreement of counsel at the time of argument, participated in the decision.

WORLEY, Judge (dissenting in Patent Appeal No. 6200).

While I concur in the conclusion of the majority as to Appeal No. 6201, I do not agree that the marks "Townley" and "Towntree," in Appeal No. 6200, are so dissimilar that their concurrent use would not be likely to result in confusion to the average purchaser. Therefore, I would reverse as to that appeal.