49 CCPA

**ARNOLD, SCHWINN & CO., Opposer-Appellant,**

v.

**EVANS PRODUCTS COMPANY,**
Applicant-Appellee.

**Patent Appeal No. 6796.**

United States Court of Customs
and Patent Appeals.

May 18, 1962.

Horton, Davis & McCaleb, Marshall W. Sutker and L. W. Brugman, Chicago, Ill. (James A. Davis, Chicago, Ill., of counsel), for appellant.

Harness, Dickey & Pierce, Robert L. Boynton and Neal A. Waldrop, Detroit, Mich., for appellee.

Before RICH, Acting Chief Judge, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board of the United States Patent Office, 128 USPQ 10, dismissing an opposition by the appellant to the appellee's application serial No. 39,208, filed October 21, 1957, for registration, for wheeled toys, namely, tricycles and trailers, of the following mark:

The opposition is predicated on the appellant's prior registration and use, for bicycles, of the trademark [1] shown below:

The drawing of the trademark is lined for red and gold and the words "QUALITY" and "CHICAGO" are disclaimed apart from the mark.

The competing marks are composite trademarks, each consisting of a word incorporated in a design. The differences in the words "SCHWINN" and "EVANS" are apparent. The designs are similar in that, in both, the letters constituting the words are displayed in cruciform arrangement within concentric circles. They are different, however, in that the circle portion of the appellant's mark is somewhat more elaborate than that of the appellee, having the words "QUALITY" and "CHICAGO" within it and having a serrated outline giving the appearance of a seal.

The appellant took the testimony of four witnesses, two of its vice presidents and two of its dealers. The ap-

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

1. Registration No. 407,574, issued June 13, 1944, 1905 Act.

pellee took no testimony but introduced into the record a number of third party registrations, relied on to show that "displaying word trademarks in cruciform arrangement is very old and widely used."

The appellant is the prior user here, its mark, designated the "Schwinn Seal of Quality" by the witnesses, having been used since 1921 and having been affixed to every bicycle manufactured by it since 1939. Sales of the appellant's bicycles exceeded two hundred and fifty million dollars in the period from 1921 through 1958 and the appellant spent over four million dollars in advertising from 1949 through 1958.

The goods of the parties are closely related and normally move through the same trade outlets to the same class of purchasers. Both marks display the word portions in a cruciform arrangement within a circle, but the Board held such arrangement to be "insufficient, in and of itself, to cause purchaser confusion," citing Skram Co. v. Bayer Co., Inc., 82 F.2d 615, 23 CCPA 1049, modified and rehearing denied, 84 F.2d 392, 23 CCPA 1286.

In taking the view that the opposition should be sustained, the dissenting board member found it significant that only the appellant and the appellee use a symbol comprising a cross form within concentric circles as a mark or part of a mark for bicycles or tricycles. He also indicated that his opinion was influenced by the appellant's "use of such a symbol for nearly forty years" and its extensive advertising.

Conceding that there are some differences in the marks, the appellant contends, however, that "the resemblance between and similarities in the two marks cause them to create the same overall impression upon the viewer."

■■ In determining the issue here, whether the appellee's mark when applied to its goods is likely to cause confusion or mistake or deception of purchasers because of its similarity to the appellant's mark, the respective marks must be considered in their entireties. Apollo Shirt Company v. Enro Shirt Company, Inc., 165 F.2d 469, 35 CCPA 849; Kitchen-Quip, Inc. v. Sunbeam Corporation, 222 F.2d 265, 42 CCPA 869. However, when comparing composite marks involving designs and words, with the designs similar and the words dissimilar, the matter of which of the two features dominates the marks is, usually controlling in the determination of the question of likelihood of confusion.

■ It seems to us that since bicycles, at least, are usually bought by name, the designs serve primarily as the background for display of the words. Indeed, the cruciform arrangement itself, in spelling out the words both vertically and horizontally with the middle letter common to both, draws attention to the words and encourages the viewer to take particular notice of their spelling and the number of letters in them. The lesser number of letters in "EVANS" undoubtedly results in particular emphasis attaching to that word in the appellee's mark.

In Skram Co. v. Bayer Co., Inc., supra, this court noted that the display of words in the same cruciform arrangement was not new in trademark practice and ruled that marks displaying the words "SKRAM" and "BAYER" in that fashion within circles were not likely to result in confusion when used on related goods, thus indicating that such arrangement is less likely to be dominant than if it were new.

A case, cited by the dissenting board member, in which this court decided that composite marks consisting of dissimilar words and similar designs were likely to cause confusion as to origin is Columbian Steel Tank Company v. Union Tank and Supply Company, 277 F.2d 192, 47 CCPA 898. The opposer's symbol in that case was a terrestrial globe used in conjunction with the slogan "Tanks For the World" and we held that applicant's use of a pair of terrestrial hemispheres on tanks would be likely to confuse, notwithstanding certain associated words.

We see no similarity of those facts to the facts of the present case.

We are not impressed by an argument, made by the appellant, that the design portions of the marks assume greater importance in this case because the users of goods of the type involved are children, many of whom cannot read. It seems obvious that, in the case where children too young to read are to use the goods, a parent or other older person would be the purchaser.

For the foregoing reasons, we think the majority of the Trademark Trial and Appeal Board correctly found that use of the appellee's mark on the goods designated is not likely to cause confusion, mistake or deception of purchasers. Its decision is, therefore, affirmed.

Affirmed.

MARTIN, Judge, sat but did not participate because of illness.