57 CCPA
**The COCA–COLA COMPANY, Appellant,**

v.

**ESSENTIAL PRODUCTS CO., Inc.,
Appellee.**

**Patent Appeal No. 8245.**

United States Court of Customs
and Patent Appeals.

March 5, 1970.

Rehearing Denied May 7, 1970.

Julius R. Lunsford, Jr., attorney of record, Atlanta, Ga., for appellant. Francis C. Browne, Washington, D. C., of counsel.

Joseph J. Juhass, New York City, for appellee.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and McMANUS, Chief Judge, Northern District of Iowa, sitting by designation.

LANE, Judge.

The Coca-Cola Company, opposer below, appeals from the decision of the Trademark Trial and Appeal Board, 154 USPQ 449, holding that applicant's

mark, COCO LOCO, for cocoanut flavoring sold to soft drink bottlers and for soft drink, is not such as to cause likelihood of confusion, mistake or deception with respect to opposer's registered trademark COCA-COLA. We find no reversible error in the board's opinion and we affirm its decision.

The opposition, No. 45,765, involves application serial No. 212,992 filed March 1, 1965, by Essential Products Co., Inc., to register on the Principal Register, COCO LOCO as a trademark for a colorless, hazy cocoanut beverage. First use February 15, 1965, is claimed. Applicant subsequently disclaimed COCO apart from the mark shown, and changed the description of his goods to read, "Cocoanut flavoring sold to soft drink bottlers; soft drink". Applicant's mark was published in the Official Gazette November 30, 1965.

Opposer bases its opposition on its ownership of the trademark COCA-COLA for beverages and syrups as evidenced by registrations Nos. 22,406, 47,189, 238,145 and 238,146 dating from 1893 to 1928 and renewed. Opposer asserts that it has continuously used its trademark COCA-COLA for a soft drink syrup and beverage since about June 28, 1887.

Opposer took the testimony of three witnesses, and also a deposition of applicant's president and treasurer. A member of opposer's executive staff engaged in public relations and historian duties since 1940 testified that opposer had used the trademark Coca-Cola since 1886 and the trademark Coke since 1940, that the trademark Coca-Cola was registered in block lettering and in script, that the total amount spent for advertising by opposer from 1886 through 1964 exceeded 847 millions of dollars, and that he thought Coco Loco was confusingly similar to Coca-Cola. The second witness, an attorney with opposer's legal department, testified that as an investigator of retail outlets, he talked in 1965 with an official of the applicant company who said he was still in the process of developing flavoring extracts referred to as Coco Loco. The attorney further testified that he had made numerous retail surveys in New York and New Jersey, and that 67% of the retail outlets did not distinguish between orders for Coca-Cola and orders for Coco Loco. Another of opposer's investigators testified that during the eleven months he had been employed by opposer he had not seen Coco Loco on sale at any retail outlets in the twelve states in which he worked. Said investigator corroborated the testimony that 67% of the New York and New Jersey retail outlets investigated did not distinguish between orders for Coca-Cola and orders for Coco Loco. The testimony of the President-Treasurer of the applicant company, taken by and submitted on behalf of the opposer, indicates that Coco Loco was developed in response to a request for a coconut flavor extract and that Coco Loco was selected because it "rhymed with coco and crazy coconut and it seemed to match." He also testified that applicant in 1965 sold Coco Loco flavoring to bottlers in Massachusetts, New York and New Jersey, that applicant had supplied bottle caps marked coconut soda, and that applicant had never done any advertising of Coco Loco.

■ The board held that opposer's survey of retail outlets in New York and New Jersey did not conclusively prove phonetic confusing similarity between Coca-Cola and Coco Loco since the persons allegedly confused have not testified and their serving of Coca-Cola in place of Coco Loco may have been occasioned by other factors. We agree that the evidence of record is not conclusive of actual confusion or of a likelihood of confusion in the minds of the purchasing public.

■ Appellant's contention that Coco Loco is phonetically and graphically confusingly similar to Coca-Cola and that the use of Coco Loco will result in confusion, mistake and deception is not supported by the testimony of appellant's employees. There is no evidence of record that any purchaser was confused as to the source of applicant's coconut

flavoring extract or of the soft drinks made therefrom. We conclude that the *ex parte* surveys made by appellant here are inadequate to prove actual confusion or a likelihood of confusion. Coca-Cola Co. v. Victor Syrup Corp., 218 F.2d 596, 42 CCPA 751 (1954). We also conclude that the entire record before us does not warrant holding that there is a likelihood of confusion. Applicant urges that the marks are virtually identical phonetically and in appearance. Considering the marks in their entireties, we find that it is only the first syllable of the four syllables in each mark which could be pronounced alike and that the articulate utterance of one mark is far from identical with that of the other mark. Appellant's argument that the board's treatment of appellant's survey evidence is completely unwarranted and contrary to law is not persuasive. While such *ex parte* surveys may be admissible evidence, it is proper for the board to ascertain what weight, if any, to accord such evidence. The evidence that 67% of the retail *dealers* in the relevant marketing area served Coca-Cola when asked for Coco Loco does not establish that *purchasers* of flavoring extracts and soft drinks were or would be confused. The retail dealer naturally desires to sell what he has available to serve, whereas a purchaser who knows what he wants may refuse something different. Appellant's contention, raised in its brief, that its mark Coca-Cola has been printed as Coco-Cola in certain documents prepared by others is not relevant to the issues before us.

In Coca-Cola Company v. Clay, 324 F. 2d 198, 51 CCPA 777 (1963), we held that there was a likelihood of confusion between Cup-O'-Cola and Coca-Cola. In that cancellation proceeding, the last two syllables of each hyphenated mark were identical, and appellee's registration showed the word Cola in a script similar to the familiar Coca-Cola script.

Our review of the record, the briefs and the arguments of counsel does not convince us of error in the decision of the board. Even though the appellant is the prior user by some seventy-five years, we do not have any doubts here to be resolved in appellant's favor.

Accordingly, we affirm the decision of the board.

Affirmed.