42 C.C.P.A.(Patents)
**YARD–MAN, Inc.**

v.

**SAVAGE ARMS CORP.**

Patent Appeal No. 6118.

United States Court of Customs and Patent Appeals.

March 30, 1955.

Townsend F. Beaman, Jackson, Mich. (Robert J. Patch, New York City, of counsel), for appellant.

Francis J. Sullivan, New York City, for appellee.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

COLE, Judge.

The Savage Arms Corporation, appellee herein, adopted and has used since August, 1949, a composite trade mark consisting of the pictorial representation of the head of an Indian Chief enclosed within a circle, the word "Savage" in large block letters superimposed thereon, and "Yard Chief" written in smaller script letters within the enclosure. The mark, applied to gasoline power driven lawn mowers, was registered on the Principal Register of the United States Patent Office on January 9, 1951, "Yard" being disclaimed.

Yard-Man, Inc., appellant herein, adopted and has continuously used since 1933 the trade mark notation "Yard-Man," as applied to hand and motor propelled lawn mowers. The mark was registered on the Principal Register on June 11, 1940, and republished July 6, 1948 under the Trade Mark Act of 1946, 15 U.S.C.A. § 1051 et seq.

On August 28, 1951, appellant petitioned for cancellation of appellee's mark on the ground that the latter's composite notation so resembled its mark, "Yard-Man," as to be likely, when applied to the goods of the parties, to cause confusion, mistake, or deception of purchasers as to the source of origin of such goods.

In lieu of taking testimony, counsel for the respective parties stipulated all facts deemed material to a proper determination of the controversy. Included in the agreed statement of facts was a concession by the cancellation petitioner (appellant) that appellee's composite mark was dominated by its corporate name, "Savage," and the picture of the head of an Indian Chief.

The Examiner of Interferences of the Patent Office, before whom the case came for hearing, held that the marks considered as a whole were not likely to cause confusion in trade if concurrently used. This decision dismissing appellant's petition was affirmed by the Assistant Commissioner of Patents. Yard-Man, Inc. v. Savage Arms Corporation, 99 USPQ 215. In the latter's opinion, confusion was unlikely for the following reasons:

"The two marks differ widely in appearance. An examination of respondent's mark shows that it is dominated by the word 'Savage' in large black letters and the representation of an Indian Chief's head in red. The words 'Yard Chief' are secondary in size and position. Petitioner's mark consists only of the compound word 'Yard-Man.'

"The marks differ widely in significance. The word 'Savage,' the pictorial representation of the head of an Indian, and the word 'Chief' result in a single connotation completely different from the connotation of petitioner's compound word 'Yard-Man.'

"The sound of the marks—'Yard-Man' and 'Savage Yard Chief'— is different."

The appeal here is seemingly predicated on appellant's belief that "Yard-Man" and "Yard Chief," standing alone, are confusingly or deceptively similar and that such is sufficient reason to entitle appellant to prevail in a cancellation proceeding. Appellant contends that its mark is well established, unique, and of great value. It urges recognition of the asserted fact that appellee, a late-comer, has appropriated the essential portion of that mark by the mere addition of another word or feature, citing cases of this and other courts in condemnation of that practice.

We do not think the appellant's position is well taken. First, it is elementary that trade marks alleged to be confusingly similar must be considered and compared in their respective entireties. Second, the word "Savage" and the pictorial representation of the head of the Indian Chief clearly dominate appellee's composite mark as conceded by appellant in the stipulation to which we have hereinbefore referred.

The predominating features of appellee's mark have *per se* been in use as a

trade mark by appellee since 1906, presumably in connection with its manufacture and sale of firearms and ammunition. Appellant has stated in its brief that such trade mark usage by appellee is "so well known as to warrant judicial notice of that fact."

■ There is a likelihood of confusion between trade marks if their over-all presentations in any of the particulars of sound, appearance, or meaning are such as would lead the purchasing public into believing that the products to which the marks are affixed emanated from the same source. In applying this test, it is well settled that the dominant word or feature of a mark may be given greater force and effect than other portions thereof.

That "Yard-Man" and "Savage Yard Chief" ("Savage" being dominant) differ sufficiently in sound to obviate any likelihood of confusion is manifest. Equally evident is the difference in appearance between the contested marks, the prominently displayed Indian head in appellee's mark being an eye-catching and well remembered medium of identification in combination with the compound word expression, "Savage Yard Chief." In meaning, the word "Savage" has direct reference either to the Indian or appellee's corporate name, and thus is not comparable in significance to appellant's "Yard-Man."

■ We cannot divorce one segment of appellee's composite mark from the whole and then proceed to compare the portion so isolated with the mark of another. It becomes apparent, therefore, and as we view it free from any doubt, that the decision of the Assistant Commissioner of Patents is clearly correct and should not be disturbed. So clearly is this the case that nothing would be served by prolonging this opinion and discussing other questions raised in the appellant's brief.

The decision appealed from is accordingly affirmed.

Affirmed.