47 CCPA

### GOODALL-SANFORD, INC.
### v.
### TROPICAL GARMENT MANUFACTURING CO.
#### Patent Appeal No. 6499.

United States Court of Customs and Patent Appeals.

March 8, 1960.

Benjamin Burrows, New York City, for appellant.

Kimmel & Crowell, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge C. WILLIAM KRAFT, Jr.[1]

SMITH, Judge.

This appeal is from the decision of the Assistant Commissioner of Patents sustaining the dismissal of a trademark opposition involving appellant's mark "Palm Beach" and appellee's mark "Royal Palm."

Appellant's mark is used on textile fabrics from which wearing apparel is made and is also used on wearing apparel made from such fabrics. Appellee's mark is used on work shirts, dress shirts, sport shirts, slacks and underwear made of textile or knit materials.

We agree with the decision of the Assistant Commissioner that "the apparel made by opposer's authorized users and that identified in applicant's appli-

---

1. United States District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge*

O'Connell, pursuant to provisions of Section 292(d), Title 28 U.S.C.

cation are, for purposes of this case, the same."

This finding leaves, therefore, the single issue: Would the use on appellee's goods of its mark "Royal Palm," accompanied by the representation of a palm tree, be likely to cause purchaser confusion in view of appellant's established and widely known mark "Palm Beach" with its representation of two palm branches?

On this issue we agree with the decision of the Assistant Commissioner that " 'Royal Palm' does not look or sound like 'Palm Beach'; and the two marks do not stimulate similar associations. These facts lead to a conclusion that there is no likelihood of confusion or mistake of purchasers."

Appellant has challenged this decision of the Assistant Commissioner and argues that the marks are confusingly similar when both marks are used on the same or similar goods. In this argument appellant asserts that the word "Palm" in both marks is identical and, that while the word "Beach" differs from the word "Royal," when these words are used in association with the word "Palm" on identical goods "they soon assimilate a merchandising unity recognized by the purchasing public as one and the same mark."

As support for its position, appellant has introduced evidence which establishes that it has used its mark in interstate commerce since 1909; that it registered the same in 1916 as Registration No. 108,511; that the mark has since been renewed and has been used on its textile fabrics which have been sold to the extent of several millions of dollars; that appellant has expended several millions of dollars in advertising expenses; that over 35 million suits bearing the "Palm Beach" label have been sold by appellant's licensees which sales represented a total business volume of about $500,-000,000; and that about $30,000,000 was spent in advertising garments so labeled.

Appellee took no testimony and was properly restricted to its filing date of May 3, 1955, although its application alleges use since October 24, 1927.

Appellant's showing of substantial sales and substantial advertising expenditures does not change the fundamental issue of whether the marks before us are confusingly similar. The marks are composite word and symbol marks. Appellant's use of its mark "Palm Beach" associated with the pictorial symbol of the two palm branches is effective in conveying a definite idea of a tropic or semi-tropic beach to the average purchaser.

As contrasted to the word and symbol imagery of appellant's mark, appellee's mark "Royal Palm" associated with the pictorial representation of a palm tree calls up to those who know it the mental image of a particular and spectacular tree, i. e., the so-called "Royal Palm" (*Roystonea*), which is native to certain hammocks or islands in the Everglades and which is widely used in ornamental plantings in various parts of Southern Florida. To those who do not know this specific tree, the words and the pictorial representation create a distinct impression of a palm tree.

Appellant's contention that appellee's use of a pictorial design of a palm tree and appellant's use of the palm branches makes the word "palm" the dominant feature of the two marks does not seem to us to be realistic. The meanings which are dominant in the two marks are a "beach" in appellant's mark and a tree in appellee's mark. We do not think the mental images of a beach and a tree will be likely to confuse an average purchaser as to the source of the goods.

This conclusion also is supported by the fact that the word "palm" is lacking in distinctiveness as a part of trademarks in the textile field and as such has only weak trademark significance. This is shown in the record here by ten registrations of third parties in which the word "palm" appears as a part of these marks for clothing and related goods.

It is an established rule long recognized by this court that the marks

must be considered as a whole in determining whether there is confusing similarity. Kitchen-Quip, Inc. v. Sunbeam Corporation, 222 F.2d 265, 42 CCPA 869; Yard-Man, Inc. v. Savage Arms Corporation, 220 F.2d 782, 42 CCPA 862; Hat Corp. of America v. John B. Stetson Co., 223 F.2d 485, 42 CCPA 1001:

■ In trademark opposition proceedings the tests applied are, by their very nature, subjective. Such being the case, prior decisions are of little help in arriving at a conclusion inasmuch as each case must be determined on the basis of its own particular facts. North Star Manufacturing Co. v. Wells Lamont Corporation, 193 F.2d 204, 39 CCPA 764.

Considering the two marks before us in their entireties and giving effect to the appearance, sound and meaning of the entire marks we find them to be distinctive and thus not likely to cause confusion.

For the foregoing reasons we *affirm* the decision of the Assistant Commissioner.

Affirmed.