50 CCPA

**COOPERATIVE QUALITY MARKETING, INC., Appellant,**

**v.**

**DEAN MILK COMPANY, Appellee.**

**Patent Appeal No. 6910.**

United States Court of Customs and Patent Appeals.

March 13, 1963.

Rehearing Denied April 18, 1963.

M. R. Garstang, Washington, D. C., for appellant.

Carl S. Lloyd, Chicago, Ill., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

ALMOND, Judge.

Appellant, Cooperative Quality Marketing, Inc., filed application [1] to register "DAIRY CHARM" in association with an illustration of a head of a cow imposed upon an inverted triangle, a representation of city buildings, and a slogan "DAIRY CHARM FROM FARMER TO CONSUMER," as a collective mark for butter. Use since May 20, 1959, is asserted, with first use in connection with the sale of butter and subsequent and present use embracing butter, fluid milk, and ice cream. Appellant is a central cooperative organization whose member-users are farmers' cooperative dairies.

Dean Milk Company, appellee-opposer, filed Notice of Opposition alleging prior and continuous use of "COUNTRY CHARM" as a trademark for its dairy products; and projecting the issue that appellant's mark so resembles the mark of appellee as to be likely, when applied to the goods of appellant, to cause confusion or mistake or to deceive the purchasing public as to the origin of appellant's products.

The Trademark Trial and Appeal Board refused registration and sustained the opposition [2] on the grounds that appellant's mark so resembles opposer's mark "COUNTRY CHARM," as to be likely to cause confusion or mistake or deceive purchasers when applied to the goods in connection with which appellant's mark is used.

The parties have stipulated the testimony.

Appellee's business is that of marketing a wide variety of dairy products including milk, buttermilk, ice cream and ice milk. Its area of service embraces eight states with its products disseminated through local and interstate commerce. Since at least as early as 1950, it has marketed its dairy products in cartons bearing the designation "COUNTRY CHARM" advertised extensively through all available media at an annual cost in excess of $1,000,000.

Appellee's mark "COUNTRY CHARM" is currently registered in eleven states, such registrations having been obtained prior to appellant's date of first use. However, the mark is not registered to appellee in the U. S. Patent Office. The Fisher Dairy and Cheese Company, a third party, is registrant of the mark "COUNTRY CHARM" for cheddar cheese food. According to appellant's unchallenged statement, appellee's registered trademark for the goods in question consists of a bird on a mail box.

Appellant's composite mark is currently registered in five states and has been publicized in the trade and in a number of publications.

The products of both parties are sold at retail on delivery routes and through

1. Ser. No. 78,431, filed Sept. 28, 1959.

2. 132 USPQ 214.

stores to consumers as well as at wholesale to stores and restaurants.

While the goods designated in appellant's application are limited to butter, the record discloses that appellant's mark is also used on a line of dairy products. There is no issue relating to prior use, nor is there any doubt that the products of the respective parties are substantially the same and that they are distributed to the same classes of purchasers through similar means. The sole issue is whether the appellant's mark so resembles that of appellee when applied to dairy products as to be likely to cause confusion or mistake or to deceive purchasers.

Appellant properly argues that the marks should be considered in their entireties. The mark applied for, it is urged, is a composite mark consisting of the words "DAIRY CHARM" in combination with a design and a slogan. It is stated that no request has been made to register the words alone and no claim is made to the words as a trademark separate from the design and slogan.

Appellee's opposition is based on an alleged use of "COUNTRY CHARM" as a trademark, and that "DAIRY CHARM" is substantially similar to "COUNTRY CHARM" since the word "CHARM," common to both marks, is the dominant portion of the marks.

The board was of the opinion that "COUNTRY CHARM," per se, was used by the opposer as a trademark. It said:

"The containers for opposer's products do show that opposer uses the three elements 'DEAN'S' within an oval, a bird on a mailbox and 'COUNTRY CHARM' but they do not show that all three elements are always used as a single integrated mark. Opposer's containers show use of 'DEAN'S,' not in an oval, separable from the other matter and on some sides of the containers the term 'COUNTRY CHARM' does not appear or even the word 'DEAN'S.' Certainly, in the sale of ice milk, opposer has used 'COUNTRY CHARM' separably from the other two elements. Opposer, in its advertising, identifies its products as 'COUNTRY CHARM DAIRY PRODUCTS' and in other ways emphasizes the term 'COUNTRY CHARM.' It is so well established, as not to require citation of precedents, that two or more marks may be used on the same goods and it is concluded that opposer uses 'COUNTRY CHARM,' per se, as a trademark."

It should be pointed out that the term "COUNTRY CHARM" is used "separably from the other two elements" in the ice milk carton only when the carton is unfolded and lying flat. In use, the two end flaps, one bearing the word "DEAN'S" and the registered trademark of a bird on a mailbox, and the other flap bearing the words "COUNTRY CHARM" are joined together to form the end of the carton. Thus, all three elements appear together on each end and on each side of the ice milk carton. In no instance are the words "COUNTRY CHARM" used separately as a trademark on the cartons.

■ Aside from this factual misconception, it would appear that the mark "COUNTRY CHARM," per se, is weak. A third party, Fisher Dairy and Cheese Company, is the owner of Registration No. 526,942 for "COUNTRY CHARM" for Cheddar Cheese Food.[3] This registration was introduced by appellant along with 16 other third party registrations for "CHARM," or some variation thereof, for food products. The board found that the registrations were "insufficient to prove that that term is suggestive of dairy products." While the registrations alone may not prove suggestiveness as to any specific food products, we feel that the registrations are some evidence entitled to consideration that "COUNTRY CHARM" is a weak mark. Shoe Corporation of America v. Juvenile Shoe Corporation of America, 266 F.2d 793, 46 CCPA 868.

3. June 27, 1950, Secs. 8 and 15 affidavits accepted July 5, 1955.

Appellee's argument that "CHARM" is the dominant portion of the marks of both appellant and appellee is not persuasive in view of the fact that the same word is used in at least eight of the third party registrations for food products. That only two of the registrations are for dairy products is a factor to be weighed in appellee's behalf. Nevertheless, the word "CHARM" for condensed milk and evaporated milk is also registered to a third party.[4] The facts here are analogous to those presented in Goodall-Sanford, Inc. v. Tropical Garment Manufacturing Co., 275 F.2d 736, 47 CCPA 821, where it was found:

" * * * that the word 'palm' is lacking in distinctiveness as a part of trademarks in the textile field and as such has only weak trademark significance. This is shown in the record here by ten registrations of third parties in which the word 'palm' appears as a part of these marks for clothing and related goods."

The board appeared to be influenced by the fact that appellant refers to its products as "DAIRY CHARM." Whether or not appellant is entitled to register "DAIRY CHARM" by itself is a question not before us. A composite mark consisting of the head of a cow in an inverted triangle, a representation of city buildings, and a slogan, as well as the words "DAIRY CHARM," is sought to be registered. It is axiomatic that a trademark is to be considered in its entirety in determining the question of confusing similarity. It would seem that the total appearance of the mark, including the design features, would be relied on in purchasing butter, the goods for which registration is sought.

In comparing the composite mark of the application with the mark "COUNTRY CHARM" of appellee, the conclusion seems inescapable that the marks are not likely to cause confusion or mistake or to deceive purchasers.

For the foregoing reasons the decision of the Trademark Trial and Appeal Board is *reversed.*

Reversed.

WORLEY, Chief Judge, concurs in result only.

---

4. Reg. No. 335,015 to Franklin McVeagh and Co.