56 CCPA

**METHUEN INTERNATIONAL MILLS,**
**Appellant,**

v.

**RAJINDER FABRICS, INC., Appellee.**
**Patent Appeal No. 8096.**

United States Court of Customs
and Patent Appeals.
Feb. 27, 1969.

Robert G. McMorrow, Atkins, Law & McMorrow, Washington, D. C., for appellant.

Appellee submits on record.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 151 USPQ 723, dismissing appellant's opposition to application serial No. 197,773, filed July 13, 1964 by appellee to register on the Principal Register the following mark:

Registration of the mark is sought for use on "Textile Fabrics to be used in making men's shirts and sports coats, women's dresses, suits and shirts; men's and women's walk shorts and neckties."

Appellant's opposition is based on its registration and prior use of "INDIA" in plain solid capital letters for "Piece Goods of Worsted, Cotton, Synthetic Fibers and Combinations Thereof."[1]

The sole issue is likelihood of confusion within the meaning of section 2(d) of the Trademark Act of 1946, as amended (15 U.S.C. § 1052(d)).

1. Reg. No. 623,563, registered on the Principal Register Mar. 20, 1956 to Methuen International Mills (Massachusetts Corporation) also doing business as International Mills.

The board majority indicated the word "INDIA" to be geographical and stated:

> As a general rule, trademarks involving a geographical term are "weak" and are entitled to a narrow scope of protection. * * * This is particularly true here where the geographical significance of "INDIA" in applicant's mark is apparent and would indicate an association with that country rather than with opposer. [Citations omitted.]

The board majority concluded:

> A reference to "India Village" would connote geographical origin in India. Considering the marks as a whole and the significance of the term "INDIA" in applicant's mark, we are of the opinion that applicant's mark does not so resemble that of the opposer [as] to be likely to cause confusion.

The dissenting member of the board was of the opinion that the Principal Register registration of "INDIA" required that it be presumed that the mark served to identify and distinguish appellant's goods, and that as the word "INDIA" appeared twice in appellee's proposed mark there would be a likelihood of confusion.

We do not quarrel with the contention of the dissenting member of the board that "INDIA" must be considered to be distinctive of appellant's goods. The situation here, however, by virtue of the prominent design features of appellee's mark, resembles that faced by this court in Goodall-Sanford, Inc. v. Tropical Garment Mfg. Co., 275 F.2d 736, 47 CCPA 821 (1960); Cooperative Quality Marketing, Inc. v. Dean Milk Co., 314 F.2d 552, 50 CCPA 1138 (1963); and Star Watch Case Co. v. Mido G. Schaeren & Co., SA, 347 F.2d 894, 52 CCPA 1770 (1965).

In Goodall-Sanford, for example, two competing marks for textile goods (as in the present instance) included in com-

mon the word "Palm," characterized in the opinion as having only weak trademark significance.[2] The mark "Royal Palm" sought to be registered was accompanied by a representation of a palm tree and the opposer's registered mark "Palm Beach" was accompanied by a representation of two palm branches. We there paid particular attention to the design accompanying the applicant's mark as follows:

> As contrasted to the word and symbol imagery of appellant's mark, appellee's mark "Royal Palm" associated with the pictorial representation of a palm tree calls up to those who know it the mental image of a particular and spectacular tree, i. e., the so-called "Royal Palm" (*Roystonea*), which is native to certain hammocks or islands in the Everglades and which is widely used in ornamental plantings in various parts of southern Florida. To those who do not know this specific tree, the words and the pictorial representation create a distinct impression of a palm tree.

We found that the overall image presented by the words "Royal Palm" in association with the design was sufficiently different from that presented by the registrant's mark to obviate the likelihood of confusion of an average purchaser.

So too in the present instance, where the design accompanying and embodying the words "AN INDIA VILLAGE fabric" and the purely descriptive phrase "Hand Woven in INDIA" forms so prominent a part of the mark, we look at the overall image presented by the mark. To us it appears that the image overwhelmingly suggests that the fabrics are associated with, or are the product of, craftwork from villages in India. This image, we believe, is sufficiently distinctive to set the proposed mark apart from any association with opposer's mark

so that the average purchaser would be unlikely to be confused by the application of the two marks to the same or similar goods.

We therefore affirm the board's decision.

Affirmed.

---

2. *Goodall-Sanford*, supra:

"This conclusion also is supported by the fact that the word 'palm' is lacking in distinctiveness as a part of trademarks in the textile field and as such has only weak trademark significance. This is shown in the record here by ten registrations of third parties in which the word 'palm' appears as a part of these marks for clothing and related goods."