**HOLIDAY MAGIC, INC., Appellant,**

v.

**HOLIDAY, INC., Appellee.**

**Patent Appeal No. 8907.**

United States Court of Customs and Patent Appeals.

May 3, 1973.

John P. Sutton, Limbach, Limbach & Sutton, San Francisco, Cal., attorneys of record, for appellant.

Thomas B. Graham, New York City, attorney of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, reported at 167 USPQ 118 (1970), sustaining appellee's opposition to appellant's application to register HOLIDAY TAN with a background design for suntan cream. In its application, appellant disclaimed the word TAN apart from the entire mark. The opposer relied on its prior trademark use of the word HOLIDAY on its lines of cosmetics, toilet preparations, and skin creams. Both sides took testimony. The board concluded that there was no real distinction between the trade channels for the respective goods. The board found that when considered in their entireties, applicant's mark so resembles opposer's HOLIDAY that there would be a likelihood of confusion or mistake. The board adhered to its decision on reconsideration. We affirm.

Appellant contends that the board refused to consider the HOLIDAY TAN mark in its entirety and chose to ignore the fact that appellant has registered the sunburst and snowflake design which forms the background design for its HOLIDAY TAN mark. The board did consider the appellant's mark in its entirety and in its decision stated:

> [T]he background design of applicant's mark would have little or no impact on purchasers of its product, who ask for goods by word mark rather than by background design. Since the word "TAN" is obviously descriptive of a tanning lotion and has therefore been disclaimed, its incorporation in applicant's mark is insufficient to distinguish it from opposer's "HOLIDAY" despite the existence of various third-party registrations of or including "HOLIDAY."

Appellant has argued before us that its mark is more than mere words and that cosmetics are selected visually as much as being asked for by words. We agree. Both designs and words produce visual impressions when goods are being selected. However, we conclude that appellant's mark for suntan cream, considered in its entirety, when compared with appellee's prior use of the term "HOLIDAY" in connection with its sales of skin creams, would be likely to cause confusion, or to cause mistake, or to deceive. Appellant already has prima facie rights in its sunburst and snowflake design, by its registration No. 896,125, August 4, 1970, for suntan cream.

The "DAIRY CHARM" case, cited by appellant, Cooperative Quality Marketing, Inc. v. Dean Milk Company, 314 F.2d 552, 50 CCPA 1138 (1963), is clearly distinguishable in that the word portions of the respective marks in that case were quite different, "DAIRY CHARM FROM FARMER TO CONSUMER" for butter, opposed by "COUNTRY CHARM" for dairy products.

We agree with the board's affirmance sustaining the opposition and therefore affirm.

Affirmed.